## CHARLES HUMPELER

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*variance.* As the sale, and the giving away, of intoxicating liquor to persons in the habit of getting intoxicated, are distinct and separate offences, proof of the one will not sustain a count in an indictment for the other.

2. SAME—*selling liquor to one in the habit of getting intoxicated.* The statute makes it a crime to sell intoxicating liquor to a person in the habit of getting intoxicated, whether the vendor has or has not knowledge of the habits of the person to whom the sale is made. Therefore, proof that the vendor did not know that the person to whom he sold the liquor was in the habit of getting intoxicated, will constitute no defence.

3. SAME—*indorsement on indictment does not vitiate.* Where an indictment for selling and giving away intoxicating liquors to a person in the habit of getting intoxicated, and each count thereof, states the offence in the language of the statute, it will not be vitiated because the offence indorsed on the back of the indictment is not in the precise language of the statute.

4. INSTRUCTION—*when refusal to give can not be considered.* This court will not consider the propriety of refusing instructions where those given for the party are not preserved in the record.

APPEAL from the Circuit Court of Fayette county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. E. M. ASHCROFT, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The indictment in this case, which was drawn under section 6, chapter 43, of the Revised Statutes of 1874, entitled "Dram Shops," contained six counts. The first and second counts were dismissed by the State's attorney. The third and sixth counts charged the defendant with giving away intoxicating liquor to a certain person who was in the habit of getting intoxicated, and the fourth and fifth counts charged a sale to a person who was in the habit of getting intoxicated. The jury brought in a verdict of guilty, under the third, fourth, fifth and sixth counts of the indictment, and the court rendered judgment on the verdict, to reverse which this appeal was taken.

While there is abundance of proof to sustain the finding as to the sale of intoxicating liquor, there is no proof whatever in the record that the defendant gave intoxicating liquor, as charged in the third and sixth counts of the indictment. The verdict and judgment, therefore, as to these counts, were erroneous. It was a violation of the statute to either sell or give intoxicating liquor to a person in the habit of getting intoxicated, but an indictment for selling would not be sustained by proof that liquor had been given to a person in the habit of getting intoxicated, nor would an indictment for giving liquor be sustained by proof of a sale. A sale and a gift, under the statute, are distinct and separate offences, and the proof of one will not sustain a charge for the other.

Exception was taken to the decision of the court in refusing certain instructions asked on behalf of defendant; but as the instructions which were given by the court have not been incorporated into the record, we can not see whether the law was properly given to the jury or not. We can not pass upon

26—92 ILL.

the decision of the court on a part of the instructions unless all the instructions are before us.

It is also contended, that the court erred in refusing to permit the defendant to prove that he did not know that Welch was in the habit of getting intoxicated, at the time he sold him intoxicating liquor. That fact, if proven, would constitute no defence to the charge in the indictment. The statute makes a sale to a person in the habit of getting intoxicated a crime, and that, too, without regard to the question whether the vendor had knowledge of the habits of the person to whom the sale was made or not.

The following indorsement appeared on the back of the indictment: " Indictment for selling liquor to inebriate ;" and it is contended, as the statute describes no such offence, the conviction under the indictment was erroneous. The indictment on its face, in each and every count, followed the language of the statute, and the mere fact that the indorsement on its back was not in the precise language of the statute did not vitiate the indictment.

But as the proof fails to sustain the verdict, the judgment will be reversed and the cause remanded.

*Judgment reversed.*