# CASES

# APPELLATE COURTS OF ILLINOIS.

---

## FOURTH DISTRICT—AUGUST TERM, 1883.

---

### HENRY WLECKE
### v.
### THE PEOPLE.

1. SALE AND GIFT OF INTOXICATING LIQUORS.—The sale and gift of intoxicating liquors to a minor, under the statute, are distinct and separate offenses and the proof of one will not sustain a charge for the other.

2. VERDICT—EVIDENCE.—Where there were four counts in an indictment and the defendant was found guilty by a jury as charged in the indictment and the judgment and verdict were upon each count in the indictment, and there was no evidence whatever to sustain the fourth count. *Held*, that the judgment was improper.

ERROR to the County Court of Jefferson county; the Hon. WILLIAM B. ANDERSON, Judge, presiding. Opinion filed October 10, 1883.

Mr. A. M. GREEN and Mr. ROBERT W. CARPENTER, for plaintiff in error; that a judgment must be for a sum certain, cited Freeman on Judgments, § 49; Faulk v. Kellums, 54 Ill. 188.

The giving and selling of intoxicating liquor are two separate and distinct offenses under the Dram Shop Act: Humpeler v. The People, 92 Ill. 400.

Wlecke v. The People.

Mr. WARNER N. WHITE, for defendant in error; that the judgment is valid, cited Charlton v. Commonwealth, 5 Met. 532; Cawley v. State, 37 Ala. 152; State v. Mose, 35 Ala. 421; Johnson v. State, 29 Ala. 62; State v. Hooker, 17 Vt. 658; Guild v. Hall, 91 Ill. 223; Townsend v. The People, 3 Scam. 326; Kroer v. The People, 78 Ill. 299; Sahlinger v. The People, 102 Ill. 241.

CASEY, J. The first three counts in the indictment in this case charged the defendant (appellant here) with selling intoxicating liquor to a minor, in violation of the statute. The fourth and last count in the indictment charged the defendant with giving intoxicating liquor to a minor, in violation of the statute. Upon a trial of the cause in the county court (to which court the indictment had been certified) the defendant was found guilty by a jury as charged in the indictment, judgment entered upon the verdict, and the defendant was fined the sum of twenty dollars on each count in the indictment. Motions for a new trial and in arrest of judgment were made and refused by the court, and exceptions taken to the ruling of the court. As has been said, the judgment and verdict were upon each count, in the indictment. This was clearly erroneous. There is no evidence whatever in the record to sustain the fourth count in the indictment. There is no evidence whatever showing that the defendant gave intoxicating liquor to a minor as charged.

There is proof in the record of the sale of intoxicating liquors to a minor, but the sale and gift of intoxicating liquors to a minor under the statute are distinct and separate offenses, and the proof of one will not sustain a charge for the other. Humpeler v. The People, 92 Ill. 400. For this reason the judgment of the county court must be reversed and the cause remanded.

Reversed and remanded.