## COMMONWEALTH *vs.* JAMES KELLEY.

Suffolk.    Nov. 23, 1885. — Jan. 7, 1886.    DEVENS & GARDNER, JJ.,
absent.

A person, licensed to sell intoxicating liquors, may be convicted, under the Pub.
Sts. *c.* 100, § 12, of placing and maintaining upon the licensed premises a cur-
tain, so as to interfere with a view of the interior of the premises, although the
illegal act was done by his servant in his absence, without his knowledge and
consent, and in violation of his instructions.

COMPLAINT, on the Pub. Sts. *c.* 100, § 12, to the Municipal
Court of Boston, alleging that the defendant, who was licensed
to sell intoxicating liquors on certain premises, used by him for
such sale, placed and maintained upon said premises a certain
screen, blind, shutter, curtain, and partition, in such a way as to
interfere with a view of the business conducted upon the prem-
ises, and with a view of the interior of said premises.   Trial in
the Superior Court, before *Mason*, J., who allowed a bill of ex-
ceptions, in substance as follows:

It was admitted that the defendant was, on December 14, 1884,
which was Sunday, the proprietor of the store No. 30 Salem
Street, Boston; and that he was duly licensed as a common
victualler, and to sell intoxicating liquors, under a license of
the first class.

It was in evidence, uncontradicted, that on said day there
was, upon the windows and door of said store, a curtain which
entirely obstructed the view of the interior of the premises; that
no person was in the store on that day; that the defendant went
away from the store on Saturday evening, December 13, 1884, at
eleven o'clock, leaving his bar-tender in charge, and did not visit
the place again until the following Monday; that the bar-tender,
on said Saturday evening, between eleven and twelve o'clock,
closed said curtains while counting some money, and left the
premises before twelve o'clock, midnight, forgetting to draw the
curtains back, and the curtains remained in that position during
Sunday, obstructing the view of the interior of the premises.

The defendant testified, and it was uncontradicted, that he
had instructed his bar-tender, and that it was a standing rule,
that the curtains should not be drawn, and that, at all times, the

premises should be so kept that the view of the interior of the premises, and of the business carried on therein, should be unobstructed.

The bar-tender testified that he had received such instructions from the defendant, and that it was a standing rule.

The defendant asked the judge to rule and instruct the jury that, if they believed that the illegal act was done by the bartender without the knowledge of the defendant, and in opposition to his will, and in no way participated in, approved of, or countenanced by him, then the defendant ought to be acquitted. But the judge refused so to rule ; and ruled and instructed the jury that, if they should find that the illegal act was committed by a person whom the defendant had left in charge of the premises, then the defendant should be found guilty, and it was no defence that the illegal act was committed without the knowledge and consent of the defendant, and against his express instructions.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*O. A. Galvin*, for the defendant.

*E. J. Sherman*, Attorney General, and *H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. We think that the ruling and instructions were correct. The provision of the statute relates to the use and management of licensed premises, and its express intent is to secure an unobstructed view of their interior at all times by persons outside. It is addressed to the licensee only; no other person can violate it. It forbids him to do, or to permit to be done, the prohibited act, and, by fair intendment, includes acts done in the use of the premises in carrying on the business licensed, whether they are done by the licensee in person, or by his agent left by him in charge and management of the business. *Commonwealth* v. *Emmons*, 98 Mass. 6. *Commonwealth* v. *Uhrig*, 138 Mass. 492. *Rex* v. *Medley*, 6 Car. & P. 292. *Rex* v. *Dixon*, 3 M. & S. 11. *Exceptions overruled.*