COMMONWEALTH *vs.* JOSEPH L. GRAY.

Suffolk.    November 25, 1889. — December 31, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Complaint — Agency — Intent.*

A complaint on the St. of 1886, c. 317, § 1, charging the defendant with selling imitation butter at retail without a descriptive wrapper, need not allege that the sale was actually made by the defendant's agent.

At the trial of such a complaint there was evidence that the sale was made by the defendant's agent, acting within the scope of his employment, and that he was supplied with wrappers properly marked for covering the article sold; and the presiding judge refused to instruct the jury, as requested by the defendant, that if the agent's failure to use the wrappers was the result of inadvertence on his part, and not intentional, the jury would not be justified in convicting the defendant. *Held*, that the defendant had no ground of exception.

COMPLAINT, on the St. of 1886, c. 317, § 1, alleging that the defendant, on November 15, 1888, at Boston, sold to one Terry " a certain article, substance, and compound made in imitation and semblance of butter, and not made exclusively and wholly of milk or cream, and containing fats not produced from milk or cream, to wit, a certain article, substance, and compound known as oleomargarine ; the said sale being then and there at retail, and not in the original package ; and he, the said Gray, did not then and there attach to the package so sold, and did not then and there deliver therewith to the said Terry, a label and wrapper bearing in a conspicuous place upon the outside of the said package the word ' oleomargarine,' and no other words, in printed letters in a straight line of plain uncondensed Gothic type not less than one half-inch in length, against the peace of said Commonwealth and the form of the statute in such case made and provided."

At the trial in the Superior Court, before *Staples*, J., evidence was introduced tending to show that one Ferguson, the agent of the defendant, made the sale in the latter's absence, while acting within the scope of his employment; that the sale was made in a street in Boston, from a wagon of the defendant, in which were offered for sale oleomargarine, butter, cheese, and eggs; that in the wagon there were wrapping-papers marked with the words provided for in the statute, to be used upon the sale of oleomargarine and similar compounds, but not affixed to anything or in actual use, and also papers not so marked, for wrappers for butter sold.

The defendant asked the judge to rule, first, that no evidence of the sale in question could be introduced, because there was no allegation in the complaint that the sale was made by an agent of the defendant; and, secondly, that, if the act alleged was the result of inadvertence on the part of the agent of the defendant, the jury would not be justified in convicting the defendant. The judge refused so to rule, and ruled with respect to the second request, that such inadvertence on the part of the agent, the act complained of being done within the scope of his agency, would not excuse the principal.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Converse*, for the defendant.

*A. J. Waterman*, Attorney General, & *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

DEVENS, J. The St. of 1886, c. 317, § 1, requires that, in the sale at retail of any article, substance, or compound in imitation of butter, the seller or his agents shall attach to each package so sold, and shall deliver to the purchaser, a label or wrapper of a specified character, describing the article. It imposes a penalty upon the seller for any sale made in violation of the provisions of the act, and the principal is made liable for the acts of his agent in making sales contrary to such provisions. But one offence is described in § 1, which may be committed either by the seller personally, or through his agent, for whom he is thus made responsible. It was sufficient in the case at bar that the complaint charged the offence to have been committed by the defendant, without alleging the manner in which he had

committed it, whether by himself strictly, or by an agent for whom he was responsible. The latter fact had relation only to the mode of proof of the charge, and it was correctly held, that an allegation that the sale with which the defendant was charged was actually made by his agent was not necessary.

The sale of the compound was, as the evidence tended to show, made by the defendant's agent within the scope of his agency, and the defendant asked the court to instruct the jury that if the act alleged (the failure to use the wrappers provided by the defendant upon the package) was the result of inadvertence on his agent's part, and not intentional, the jury would not be justified in convicting the defendant. This request was properly refused. The offence was of that class in which it is not necessary to prove any guilty intent. If the defendant engaged in the business of selling imitation butter, whether he conducted it by himself or his agent, he was bound at his peril to see that the provisions required by the law in the management of it were observed. One who sells intoxicating liquor not knowing it to be intoxicating, or adulterated milk not knowing it to be adulterated, is, under our statutes, liable therefor, although he had no guilty intent. *Commonwealth* v. *Boynton*, 2 Allen, 160. *Commonwealth* v. *Farren*, 9 Allen, 489. *Commonwealth* v. *Nichols*, 10 Allen, 199. *Commonwealth* v. *Waite*, 11 Allen, 264. Where an act is forbidden by positive law except where certain precautions are observed, neither ignorance of them, nor the failure to observe them through inadvertence, affords an excuse, whether this is the ignorance or inadvertence of the person himself, or of his agent acting within the scope of the agency with which he has been intrusted.

*Exceptions overruled.*