## COMMONWEALTH *vs.* HENRY P. VIETH.

Suffolk.   November 23, 1891. — January 11, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Innkeeper — Sale of Adulterated Milk — Master and Servant.*

A hotel keeper, who sells milk to his guests to be drunk by them on his premises, may be convicted of an offence under the St. of 1886, c. 318, § 2, if the milk so sold is not of the required standard of quality.

If a sale of milk, which is not of the required standard of quality, is made by a hotel keeper's servant, in the ordinary course of his employment, to a guest to be drunk on the premises, the hotel keeper will be responsible therefor, under the St. of 1886, c. 318, § 2, though he was not present and did not consent to or know of the particular sale.

COMPLAINT, charging the defendant with selling, on May 19, 1891, " to Louis F. Baldwin a certain quantity, to wit, one gill, of milk not of good standard quality, that is to say, milk containing less than twelve per centum of milk solids."

At the trial in the Superior Court, before *Dunbar*, J., there was evidence tending to show that the defendant kept a hotel at No. 245 Tremont Street, Boston, and that the milk complained of was sold and delivered to Baldwin upon his calling for a glass of milk to be drunk upon the premises from a waiter in the café attached to the hotel ; that the milk, upon being duly analyzed, was found to contain 6.58 per cent of milk solids less than the statutory per cent ; that the defendant was not present when the sale was made, and had no knowledge of the sale ; that he procured his milk from a dealer in milk, and served it to his customers in the same condition as it was received from the dealer, and had given orders to his servants to serve it as it was received from the dealer ; and that nothing had been added to the milk by the waiter or by the storeman in whose charge it was.

The defendant requested the court to instruct the jury as follows:

" 1. The evidence does not prove the offence charged in the complaint.

" 2. Upon the whole evidence, the jury must find the defendant not guilty.

" 3. The provisions of chapter 57 of the Public Statutes, and the acts in addition to and in amendment of the same, do not apply to the defendant."

" 5. If the milk was delivered to Louis F. Baldwin by a servant of the defendant, without his knowledge or consent and in his absence from the premises, then the defendant is not guilty.

" 6. If the defendant procured the milk from a dealer in milk and delivered it to Baldwin to be used as a drink upon the premises, and not to be carried away, then the defendant is not guilty."

" 8. If the defendant's servants delivered milk to Baldwin procured by the defendant from a regular dealer in milk, and added nothing to the milk while it was in their possession, then the defendant is not liable.

" 9. Under the statute, upon an order for milk to be used as a drink in connection with food, the defendant was not bound to deliver milk containing twelve per cent of solids.

" 10. The statutes regulating the sale of milk apply to dealers in milk who sell the same as an article of merchandise, and do not apply to persons who supply milk to boarders or guests as a part of the bill of fare in a hotel, restaurant, or boarding-house."

The judge refused to instruct the jury as requested, but instructed them that the defendant was guilty if he sold milk not of standard quality by his servant in the ordinary course of his employment, even if he did not know it was not of standard quality, and the fact that the milk was sold without his knowledge, or that he sold the milk as he received it from the dealer, would be no defence to the charge.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. M. Johnson*, for the defendant.

*A. E. Pillsbury*, Attorney General, for the Commonwealth.

ALLEN, J. By St. 1886, c. 318, § 2, whoever by himself, or by his servant or agent, sells milk not of good standard quality shall be punished by a fine; and milk containing less than

thirteen per cent of milk solids is to be deemed to be not of good standard quality, except during the months of May and June, when milk containing less than twelve per cent of milk solids is to be deemed to be not of good standard quality. It is contended that this provision does not apply to the keeper of a hotel, who supplies milk to his guests to be drunk by them upon his premises. The evidence tended to show a sale in the defendant's café of a glass of milk, to be drunk upon the premises. This was apparently a transaction by itself. We are unable to find in the letter or apparent intention of the statute any warrant for an exception applicable to such a case as the present, and the defendant must be held to see to it that the milk so sold is of the required standard of quality. *Commonwealth* v. *Waite,* 11 Allen, 264. *Commonwealth* v. *Evans,* 132 Mass. 11. The jury must have found that the sale was made by the defendant's servant in the ordinary course of his employment; and for such sale the defendant was responsible, under the statute, though he was not present, and did not consent to or know of the particular sale. Such is the plain meaning of the statute. The request for an instruction to the jury that under such circumstances the defendant was not guilty was properly refused. The instruction given was properly adapted to the evidence in the case. There was no suggestion that the defendant's servant was acting in violation of orders.

*Exceptions overruled.*