## COMMONWEALTH *vs.* NATHAN P. PROCTOR.

Essex. November 6, 1895. — November 30, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Possession of Milk not of the required Standard — Master and Servant.*

A master may be convicted, under St. 1886, c. 318, § 2, of having in his custody and possession milk not of the required standard of quality, if in the custody and possession of a servant, in the ordinary course of his employment, and the general law governing the responsibility of a master for the acts of his servant in such cases was not intended to be affected by St. 1894, c. 425.

COMPLAINT, alleging that the defendant, on July 21, 1894, " did have in his custody and possession a certain quantity, that is to say one pint, of milk not of good standard quality, that is to say milk containing less than thirteen per cent of milk solids, with intent then and there unlawfully to sell the same within this Commonwealth." At the trial in the Superior Court, before *Gaskill*, J., there was evidence tending to show that on the day named in the complaint one James Gollinger, who was then and there in the employ of the defendant and engaged in his

service, had in his custody and possession at Lynn a certain quantity of milk not of good standard quality, that is to say, one pint of milk containing less than thirteen per cent of milk solids, with intent on the part of Gollinger and of the defendant then and there unlawfully to sell the same within the Commonwealth; that the defendant was a producer of the milk in question, and was at his farm in Beverly at the time of the seizure; that the milk was seized by an inspector of milk from the possession of Gollinger, and that a sealed sample of the milk was given to and accepted by the defendant.

The defendant requested the judge to rule as follows:

"1. That there was a variance between the complaint and the proof, in that the complaint alleged that the defendant ' did have in his custody and possession a certain quantity,' etc., while the evidence showed that the milk was in the custody and possession of the defendant's servant or agent, and that the allegation should have set forth that fact. 2. That the evidence would not warrant a verdict of guilty."

The judge refused so to rule, and submitted the case to the jury, with appropriate instructions, that were not excepted to.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. H. Southwick & S. Parsons*, for the defendant.

*W. H. Moody*, District Attorney, for the Commonwealth.

FIELD, C. J.    This was a complaint under St. 1886, c. 318, § 2, and the rulings of the Superior Court were right unless St. 1894, c. 425, has changed the law applicable to the case. *Commonwealth* v. *Vieth*, 155 Mass. 442.

It is the general rule of law that the possession of a servant is the possession of the master.    In the present case, we think that the evidence showed that the milk was still in the possession and under the control of the defendant.    St. 1894, c. 425, we think, was designed to exempt a producer of milk from prosecution on a complaint that the milk was not of good standard quality only when the milk was found on other premises than those of the producer or in the possession of another person than the producer who was not subject to the control of the producer and who therefore might have adulterated the milk for his own purposes, or when the milk, if found upon the premises or in

the possession or under the control of the producer, was taken by some person who was not an inspector of milk, or an agent of the dairy bureau or State board of health or a collector of samples duly authorized by an inspector, and who therefore might not be trustworthy. In every case of a taking of milk a sealed sample of the milk taken must be given to the producer for his protection. There is no indication that the general law governing the responsibility of a master for the acts of his servant was intended to be affected by the statute.

*Exceptions overruled.*