## PEOPLE v. TAYLOR.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

MASTER AND SERVANT—INFANTS—REGULATION OF EMPLOYMENT — CRIMINAL PROSECUTIONS OF EMPLOYER — REGULATIONS AS TO AGE — EMPLOYER'S KNOWLEDGE AND CONSENT.

In a prosecution of defendant, a factory superintendent, under Laws 1903, p. 437, c. 184, § 70, providing that no child between the ages of 14 and 16 years shall be employed in a factory without an employment certificate, where a child between such ages had been employed without defendant's knowledge or consent, without such certificate being issued, evidence that defendant had directed his subordinates to comply with the law was properly excluded; the absolute duty being imposed upon defendant to see that no child was employed without complying with the statute.

Patterson, P. J., and Laughlin, J., dissenting.

Appeal from Court of Special Sessions.
George H. Taylor was convicted of unlawfully employing child labor, and he appeals. Affirmed.
Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

George H. Taylor, Jr., for appellant.
Timothy I. Dillon, Deputy Atty. Gen., for respondent.

INGRAHAM, J.   The defendant was convicted of a violation of sec-
tion 70 of the labor law (chapter 184, p. 437, Laws 1903), which pro-
vides:

"No child under the age of fourteen years shall be employed, permitted or
suffered to work in or in connection with any factory in this state. No child
between the ages of fourteen and sixteen years shall be so employed, per-
mitted or suffered to work, unless an employment certificate issued as pro-
vided in this article, shall have been theretofore filed in the office of the em-
ployer at the place of employment of such child."

Upon the trial it appeared: That an assistant to the state factory in-
spector called at the factory of Kursheedt Manufacturing Company,
and saw the defendant, who stated that he was the treasurer of the
company and superintendent of the factory, and that he was in charge
of the factory and responsible for the condition thereof.   The witness
then went into the factory, and found a girl there named Florence De
Flora.   That the witness stated to the defendant that she was under
16 years of age, and had no certificate required by section 70 of the
labor law.   That this girl was upon the fifth floor of the building; the
defendant's office being on the first floor.   The girl Florence De Flora
then testified that she was working for the Kursheedt Manufacturing
Company; that at that time she was 15 years of age; and that she had
no certificate, and none had been filed with her employer.   The defend-
ant testified on his own behalf that he had been connected with the
Kursheedt Manufacturing Company for 29 years; that he had nothing
to do with the employment of this girl; that the first time he saw her
was on the 25th of March, the day the state factory inspector called at
his office; that as soon as he knew of the circumstances he at once dis-
charged the girl; and that she was not employed there with his con-
sent or knowledge without a certificate.   One Annie Murphy was then
called, and testified that she had been employed by this corporation for
over 15 years; that this girl had told her that she was 16 years of age,
whereupon she employed her without having a certificate.

It thus appeared that the defendant was the superintendent of the
factory and responsible for its condition, and that there was employed
in the factory a child under 16 years of age, in violation of this pro-
vision of the labor law.   The court excluded evidence offered by the de-
fendant as to his directions to his subordinates to comply with this law,
and the defendant claims that this was error, especially in view of the
evidence that the child was employed by the subordinates without the
knowledge or consent of the defendant; but the statute provides that
no child shall be "employed, permitted or suffered to work" in or in
connection with any factory, thus imposing upon those responsible for
the management or control of factories a special duty to see to it that
no child under 16 years of age without a certificate required by the stat-
ute shall be permitted or suffered to work in or about the factory.   If
the statute had been simply against employing the infant, a different
question would be presented.   But, where an employer of labor is pro-
hibited from suffering or permitting a person to work in his factory he

cannot escape responsibility where a person is suffered and permitted to work in violation of the statute by proving that he directed his employés not to employ a person to labor in violation of the statute. There is imposed upon him a duty of preventing a person within the prohibited clause from being allowed to work, and, if he fails in the performance of that duty, he violates the statute and is guilty of a misdemeanor.

The judgment appealed from should be affirmed.

CLARKE and HOUGHTON, JJ., concur.

HOUGHTON, J. (concurring). I concur in the reasons stated by Mr. Justice INGRAHAM for an affirmance of the conviction of defendant.

It seems to me there is a still further reason which might well be advanced. The regulation of the employment of children under 16 years of age in factories is a police regulation, and, as a means of enforcing it, the Legislature had the right to make a principal criminally liable for the act of his agent in employing children contrary to the statute. Criminal intent is not an element of the crime thus proscribed. While it is a general rule that a principal is not liable criminally for the act of his agent, unless it is committed by his command or with his assent, the prohibition of an act as a police regulation of the state comes within an exception to this rule and guilty knowledge is not a necessity. 17 Am. & Eng. Cyc. 387.

The section of the labor law under consideration, not only provides that a child under a prescribed age shall not be employed, but also provides that such child shall not be "permitted or suffered" to work unless the employment certificate shall have been properly filed. The statute is not unlike that prohibiting the sale of adulterated milk, in the violation of which criminal knowledge or intent forms no element of the offense. People v. Kibler, 106 N. Y. 321, 12 N. E. 795. So the selling of intoxicating liquors to a minor under 18 years of age is a crime, notwithstanding the seller was informed by the minor and his father that he was over 18 years of age, and thus had reason to believe the statement to be true. People v. Werner, 174 N. Y. 132, 66 N. E. 667. In Massachusetts it has been held that a person licensed to sell intoxicating liquors may be convicted for placing and maintaining upon the licensed premises a curtain so as to interfere with a view of the interior of the premises in violation of the statute, although the illegal act was done in his absence, without his knowledge and consent, and in violation of his instructions. Commonwealth v. Kelley, 140 Mass. 441, 5 N. E. 834.

The evidence excluded as to instructions given by defendant to his superintendent with respect to hiring girls under 16 years of age was therefore immaterial, because it established no defense to the crime plainly proven and without contradiction; the child employed being under 16 and no certificate of employment being on file. Any other construction of the statute would render it nugatory, for otherwise all any employer need to do when charged with its violation would be to prove he gave contrary instructions and thus escape all liability, meanwhile and until complained of keeping his factory full of children under the

prescribed age with impunity. Nor was the evidence pertinent, at least upon the present record, for the purpose of permitting the court to exercise its discretion in imposing a fine. Section 384*l* of the Penal Code fixes the punishment upon conviction for the first offense of a fine of not less than $20 nor more than $100. The defendant was fined only $20. The magistrate could not have therefore made the fine less than he did. If evidence of good intention and lack of guilty knowledge could be said under any circumstances to be admissible for the purpose of enlightening the court as to the fine which should be imposed, this defendant cannot complain, and was not harmed because the smallest fine which the court had power to impose was imposed upon him.

LAUGHLIN, J. (dissenting). It was lawful to employ the girl Florence De Flora in the factory of the Kursheedt Manufacturing Company, as she was over 14 years of age; but, since she was under 16, her employment without an employment certificate was prohibited. It does not appear when she was employed or how long she had been working in the factory. The defendant did not employ her, and it was not shown that he ever saw her there. He had charge of the factory, and concedes that he was the responsible head of the business. That, however, did not make him liable as matter of law under section 70 of the labor law. Laws 1903, p. 437, c. 184. It may have been competent for the Legislature to render an employer or his superintendent liable for the acts of their respective employés or subordinates with respect to employing children, but the provisions of section 70 of the labor law do not show that such was the intention of the Legislature. I think that it was intended to hold an employer or person in authority liable only for his own acts or for the acts of others of which he had or is fairly chargeable with guilty knowledge. In my opinion, therefore, it was competent for the defendant to show the facts and circumstances under which the girl was employed, and that he, not only had no knowledge of the violation of the law, but that her employment, without a certificate, was in direct violation of his orders. It would then have been for the court to determine whether he was properly chargeable with guilty knowledge to make it in effect an employment by himself, or to render him liable for suffering or permitting her employment by allowing the employment to continue.

I therefore vote for reversal.

PATTERSON, P. J., concurs.