COMMONWEALTH *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

SAME *vs.* SAME.

Middlesex.   January 19, 1909. — May 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Railroad*, Obstructing highway. *Way*, Public, Obstruction by railroad company.

It is no defense to a complaint against a railroad corporation under R. L. c. 111, § 196, for obstructing a highway with cars for more than five minutes at one time, that the continuance of the obstruction was due solely to the unlawful acts of third persons not in the defendant's employ.

TWO COMPLAINTS, received and sworn to on February 20, 1908, under R. L. c. 111, § 196, now St. 1906, c. 463, Part II. § 155, against the New York Central and Hudson River Railroad Company for obstructing Cambridge Street in Cambridge with cars for more than five minutes at one time, respectively on January 23 and February 13, 1908.

In the Superior Court the cases were tried together before *Bell*, J. It being admitted that cars of the defendant obstructed Cambridge Street at each of the times alleged in the complaints

for more than five minutes at one time, the defendant offered to prove in each of the cases the following facts :

That while the train of the defendant was standing temporarily with its cars across Cambridge Street and extending for some distance on each side of the street, third persons, without the knowledge of the defendant or its servants maliciously and in violation of law, opened the air-cocks upon certain of the cars, allowing the air to escape from the air brakes and setting the brakes so that it was impossible to move the train over the crossing and off the street without first finding and closing the air-cocks and then pumping up a fresh supply of air from the engine; that the time required to find the open air-cocks and close them and to pump up the air so as to release the brakes and move the train caused such delay that the cars obstructed the street more than five consecutive minutes; that such obstruction for more than five consecutive minutes was occasioned solely by such unlawful acts of third persons who were in no way employed by the defendant; and that but for these unlawful acts the train and cars would have been removed from the street without obstructing it for more than five minutes at one time.

Upon the foregoing offer of proof the judge ruled that the facts therein set forth would not constitute material evidence in behalf of the defendant upon the issues presented by the complaint, and that if the facts were proved they could not be found to be a good defense.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

The case was submitted on briefs.

*G. L. Mayberry,* for the defendant.

*J. J. Higgins,* District Attorney, for the Commonwealth.

BRALEY, J. By the St. of 1906, c. 463, Part II. § 155, section 196 of chapter 111 of the Revised Laws is incorporated without change, and by § 159 of Part III., the provisions being the same as those of existing statutes, § 155 is to be construed as a continuation of § 196, and not as a new enactment. Accordingly these complaints may be properly described as brought under § 196, which so far as material provides, that " no railroad corporation . . . or its`. . . servants or agents, shall wilfully or negligently

obstruct or unnecessarily or unreasonably use or occupy a high-way, town way or street, nor in any case obstruct, use or occupy it with cars or engines for more than five minutes at one time," without incurring a prescribed penalty for each violation. It was undisputed that on two separate days the defendant's cars obstructed, or occupied for more than the time permitted, a street which presumably was a public way although not so described. The defendant does not question that under the decision in *Commonwealth* v. *New York, New Haven, & Hartford Railroad*, 112 Mass. 412, where an earlier act, of which the present statute is substantially a re-enactment, was considered, it would be no excuse if the obstruction was accidental, or could not have been avoided by the exercise of reasonable diligence. But, the valves to the air brakes having been maliciously opened by strangers without the knowledge of the defendant or its servants, so that the train could not be operated within the period owing to the delay required not only to find and close the valves but also to furnish a fresh supply of air, it contends that their interference constitutes a full defense. See St. 1906, c. 463, Part II. § 239 ; R. L. c. 111, § 255. Or as defined in *Commonwealth* v. *Elwell*, 2 Met. 190, 192, " if a man does an act, which would be otherwise criminal, through mistake or accident, or by force or the compulsion of others, in which his own will and mind do not instigate him to the act, or concur in it, it is a matter of defense. . . ."

If, at common law, crime when committed by the individual consists of acts done with an, evil intent, in statutory offenses created in the exercise of the police power, unless a wrongful intent or guilty knowledge, commonly designated by the use of the words " wilfully " or " maliciously," is made an essential element of the prohibited act, the violator may be convicted and punished, even if he has no design to disobey the law. *Commonwealth* v. *Bradford*, 9 Met. 268. *Commonwealth* v. *Wentworth*, 118 Mass. 441. *Commonwealth* v. *Connelly*, 163 Mass. 539. *Commonwealth* v. *Lavery*, 188 Mass. 13, 16. It is because of this familiar doctrine, inherent in the construction of statutes which prohibit under a penalty acts and conduct which otherwise are not generally deemed unmoral or criminal, that convictions for the sale of liquor, where the seller had no just

ground to believe it was intoxicating, or of imitation butter by the defendant's agent without a descriptive wrapper, which, though furnished, he failed from mere carelessness to use, or an inadvertent sale by the defendant's servant of milk not of standard quality, and the admission of a minor to a pool room, where the defendant neither knew nor had any reason to believe that he was under age, have been sustained. *Commonwealth* v. *Savery*, 145 Mass. 212. *Commonwealth* v. *Daly*, 148 Mass. 428. *Commonwealth* v. *Warren*, 160 Mass. 533. *Commonwealth* v. *Gray*, 150 Mass. 327, 329. *Commonwealth* v. *Emmons*, 98 Mass. 6.

In other jurisdictions in the construction of similar statutes, proof of moral turpitude or of a guilty mind has never been deemed necessary to sustain a conviction. *Barnes* v. *State*, 19 Conn. 398. *State* v. *Smith*, 10 R. I. 252. *People* v. *West*, 106 N. Y. 293. *Commonwealth* v. *Zelt*, 138 Penn. St. 615. *Farmer* v. *People*, 77 Ill. 322. *Humpeler* v. *People*, 92 Ill. 400. *Jamison* v. *Burton*, 43 Iowa, 282. *State* v. *Hartfiel*, 24 Wis. 60. *Regina* v. *Woodrow*, 15 M. & W. 404. *Rex* v. *Paine*, 7 Car. & P. 135. If we turn to the language of the statute, the acts for which the defendant has been convicted are positively forbidden.

It was within legislative authority to have extended the qualifying words of " wilfully " or " negligently," which describe the offense defined in the first clause of the sentence in § 196, to the unlawful acts with which the defendant is charged. The history of this legislation from its origin to the latest revision, however, indicates clearly a public policy, which, in the language employed to define the offense, recognizes no extenuating circumstances of the nature relied on by the defendant. St. 1854, c. 378. Gen. Sts. c. 63, § 68. St. 1871, c. 83, § 1. St. 1874, c. 372, § 129. St. 1895, c. 173. R. L. c. 111, § 196. St. 1906, c. 463, Part II. § 155. *Commonwealth* v. *New York, New Haven, & Hartford Railroad, ubi supra.*

By common law as well as under R. L. c. 53, the unlawful obstruction of a public way by whomsoever caused is an indictable offense. *Commonwealth* v. *King*, 13 Met. 115. *Commonwealth* v. *Old Colony & Fall River Railroad*, 14 Gray, 93. And under R. L. c. 111, § 124, the rights of the community are

recognized as paramount, for a railroad which is laid out across a public way must be so constructed as not to obstruct it. *Holliston* v. *New York Central & Hudson River Railroad*, 195 Mass. 299. If this section is read with § 196, the reason for the unqualified language of the last section is unmistakable. The accommodation of public travel, for which the ways have been provided and are maintained, requires that at grade crossings travellers shall not be subjected to prolonged delays arising from their occupancy by the cars or engines of a railroad company. It was within the province of the Legislature to fix the time during which a grade crossing could be encumbered, and this adjustment between its use by the public and by the railroad must be treated as not only reasonable but final until the statute is either modified or repealed. In the practical control of movements of its cars or trains, no argument has been advanced, nor was there any proof at the trial, that by competent supervision, even if necessarily required to be more or less constant, the defendant would not have been able to have prevented the mischief caused by intermedlers. Whatever its ignorance of the facts may have been, the defendant was bound at its peril to know and obey the law, and its failure to adopt such precautions as might be necessary to enable it to comply with the statute furnishes no ground of justification or defense. *Commonwealth* v. *Mash*, 7 Met. 472. *Commonwealth* v. *Curtis*, 9 Allen, 266. *Parker* v. *Alder*, [1899] 1 Q. B. 20.

*Exceptions overruled.*