## COMMONWEALTH *vs.* ISAAC SACKS.

Suffolk.    January 13, 1913. — February 26, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*False Weight or Measure.    Intent.*

Under St. 1907, c. 394, § 1, which provides for the punishment of one who "himself or by his servant or agent" gives false weight or measure, a defendant can be convicted upon evidence of short weight in a sale made by a servant of the defendant in the defendant's absence.

COMPLAINT, subscribed and sworn to in the Municipal Court of the City of Boston, with two counts, each charging that the defendant on October 14, 1910, by his servant or agent, one

Morris Gumner, was guilty of giving, to the persons respectively named in the two counts, false and insufficient weight in the sale of certain merchandise.

Having been convicted in the municipal court, the defendant appealed to the Superior Court, where he was tried before *Chase,* J., upon an agreed statement of facts in substance as follows:

The defendant on the day named in the complaint owned and maintained a fruit stand in a private way running from Winter Street to Hamilton Place in Boston. He had in his employ at the fruit stand Morris Gumner, a minor, who made sales of fruit both in the presence of the defendant and in his absence. At the time named in the complaint the defendant had left Gumner in charge of the fruit stand with authority to make sales of merchandise. On the day named in the complaint Gumner made two separate sales of grapes to the persons named in the complaint, giving one of such persons grapes weighing four ounces less than the weight ordered and paid for and the other grapes weighing three and three fourths ounces less than the weight ordered and paid for. The defendant was not present at the time these two sales were made, and Gumner was in sole charge of the fruit stand

At some time before the sales were made the defendant had the scales which were used in weighing the grapes duly registered and sealed by the sealer of weights and measures of the city of Boston and it was agreed that the scales were accurate and duly sealed on the day the sales were made.

It was agreed that the jury might draw such inferences as the facts warranted.

The defendant asked the judge to rule that on all the evidence presented in the case the jury must find in favor of the defendant and return a verdict of not guilty. The judge refused to make this ruling, and the jury returned a verdict of guilty. The defendant alleged exceptions.

The case was submitted on briefs.

*I. Gordon,* for the defendant.

*H. P. Fielding,* Assistant District Attorney, for the Commonwealth.

LORING, J. The question presented in this case is whether evidence of short weight in a sale made by a servant of the de-

fendant in the defendant's absence warrants a jury in finding the defendant guilty of a violation of St. 1907, c. 394, § 1. That statute is in these words: "Whoever, himself or by his servant or agent or as the servant or agent of another person, is guilty of giving false or insufficient weight or measure shall for a first offence" etc.

There are a number of crimes (nearly all statutory) in which it has been held that the defendant acts at his peril and that the absence of a guilty intent is no defense. See for example *Commonwealth* v. *Elwell*, 2 Met. 190 (adultery); *Commonwealth* v. *Mash*, 7 Met. 472 (bigamy); *Commonwealth* v. *Boynton*, 2 Allen, 160, *Commonwealth* v. *Hallett*, 103 Mass. 452 (selling what was intoxicating liquor in the belief that it was not intoxicating); *Commonwealth* v. *Farren*, 9 Allen, 489, *Commonwealth* v. *Nichols*, 10 Allen, 199, *Commonwealth* v. *Waite*, 11 Allen, 264, *Commonwealth* v. *Evans*, 132 Mass. 11 (selling adulterated milk); *Commonwealth* v. *Raymond*, 97 Mass. 567 (killing calf less than four weeks old with intent to sell the same); *Commonwealth* v. *Emmons*, 98 Mass. 6 (admission of minor to billiard saloon without written consent of parent or guardian); *Commonwealth* v. *Wentworth*, 118 Mass. 441 (keeping for sale or selling naphtha under an assumed name); *Commonwealth* v. *Kelley*, 140 Mass. 441 (shutting off view of interior of liquor saloon from outside); *Commonwealth* v. *Gray*, 150 Mass. 327 (selling what turned out to be imitation butter without a descriptive wrapper); *Commonwealth* v. *Vieth*, 155 Mass. 442, *Commonwealth* v. *Warren*, 160 Mass. 533 (selling milk containing less than the required per cent of milk solids); *Commonwealth* v. *New York, New Haven, & Hartford Railroad*, 112 Mass. 412, *Commonwealth* v. *New York Central & Hudson River Railroad*, 202 Mass. 394 (obstruction of highway for more than five minutes); *Commonwealth* v. *Mixer*, 207 Mass. 141 (carrier transporting what turned out to be liquor not knowing it to be such). A fuller collection of these cases is to be found in *Commonwealth* v. *Mixer*, 207 Mass. 141, 142, 143.

In several of these cases the act was done by a servant in the absence of the defendant. See *Commonwealth* v. *Kelley*, 140 Mass. 441; *Commonwealth* v. *Gray*, 150 Mass. 327; *Commonwealth* v. *Warren*, 160 Mass. 533. The most striking examples of the application of this doctrine are to be found in *Commonwealth* v. *Warren*,

160 Mass. 533, and *Commonwealth* v. *New York Central & Hudson River Railroad,* 202 Mass. 394. In *Commonwealth* v. *Warren, ubi supra,* the keeper of a restaurant was held guilty because his servant in his absence sold a glass of milk containing less than thirteen per cent of milk solids, and the milk sold had been bought in good faith by the defendant from a dealer. In *Commonwealth* v. *New York Central & Hudson River Railroad, ubi supra,* the obstruction of the highway was due solely to the unlawful acts of third persons.

We are of opinion that the offense created by St. 1907, c. 394, § 1, belongs to this class of offenses; and the entry must be

*Exceptions overruled.*