· FARLEY, State Excise Com'r, v. BUTTNER.   (No. 6600.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

1. INTOXICATING LIQUORS (§ 86*)—LIQUOR TAX BOND—VIOLATION—WHAT CONSTITUTES.

Where bartenders and waiters employed by a hotel proprietor, on Sunday, sold and served intoxicating liquor to persons who were not hotel guests and ordered nothing to eat and ate nothing, this constituted a violation of the liquor tax bond given by the proprietor, conditioned that he would not violate the Liquor Tax Law (Consol. Laws, c. 34) § 30, as amended by Laws 1910, c. 494, by selling liquors on Sunday without serving meals therewith, though a plate of sandwiches was placed on the table at which the liquor was served.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 89; Dec. Dig. § 86.*]

2. INTOXICATING LIQUORS (§ 88*)—LIQUOR TAX BOND—VIOLATION—CONVICTION OF EMPLOYÉ.

In an action by the State Commissioner of Excise on a liquor tax bond conditioned that defendant would not violate the Liquor Tax Law, § 30, as amended by Laws 1910, c. 494, proof of the conviction of defendant's bartender of violating such law by selling liquor on Sunday without serving a meal therewith authorized a directed verdict for plaintiff; the act of the bartender being the act of defendant.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 91–95; Dec. Dig. § 88.*]

Laughlin and Dowling, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by William W. Farley, as State Commissioner of Excise of the State of New York, against Albert Buttner, impleaded, etc. From judgment for defendant and denial of new trial, plaintiff appeals. Reversed, and new trial ordered.

See, also, 147 N. Y. Supp. 1110.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Charles R. O'Connor, of Hobart, for appellant.
P. A. McManus, of New York City, for respondent.

McLAUGHLIN, J.   Action to recover the sum of $1,800 upon a liquor tax bond given by the respondent, Buttner, as principal, conditioned that he would not violate any of the provisions of the Liquor Tax Law, and in lieu of sureties filed a certificate of deposit in the sum

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of $2,000 issued by the defendant Guaranty Trust Company of New York.

The complaint alleged the giving of the bond, the issuance of the liquor tax certificate, and a violation of the bond by selling liquors on five different Sundays during the months of December, 1912, and January, 1913, without serving meals therewith. The answer put in issue the material allegations of the complaint, except the issuance of the certificate, the giving of the bond, and the deposit of a certificate for $2,000 issued by the trust company. The action has been twice tried. Upon the first trial the jury rendered a verdict in favor of the defendants, which was set aside and a new trial ordered. Upon appeal this order was affirmed. On the second trial the jury again found for the defendants, and the court denied a motion to set aside the verdict and for a new trial, and plaintiff appeals.

[1] Section 30 of the Liquor Tax Law (Consol. Laws, c. 34), as amended by chapter 494 of the Laws of 1910, contains a general provision against the sale of liquors on Sunday by any one holding a certificate such as the one issued to Buttner. The general provision, however, is made subject to an exception that the holder of such certificate, "who is the keeper of a hotel, may sell liquor to the guests of such hotel." The statute then defines a "guest" of a hotel as:

"A person who, during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining and actually orders and obtains at such time, in good faith, a meal therein."

A slight consideration of the evidence offered upon the trial will demonstrate, I think, clearly and conclusively, that the defendant sold liquors on the days named to persons who were not guests of the hotel and in direct violation of law.

The first violation is alleged to have been committed on December 8, 1912. Gorman, a special agent of the State Excise Department, testified that about 4:30 o'clock in the afternoon of that day, in company with one Boddy, another special agent of the Excise Department, he entered Buttner's place of business and sat down at one of the several tables which were in the room; that at that time there were six or eight persons sitting at various tables, all apparently drinking; that on each table there was nothing but a plate of sandwiches; that Boddy and he ordered whisky, paying the waiter 25 cents, and, after they had drank the same, ordered a second drink, which was also furnished and paid for; that no food was ordered or eaten and no conversation had with the waiter regarding food. Gorman's testimony was in every respect corroborated by Boddy. Mulligan, another special agent, testified that he, in company with one Cahill, entered Buttner's place at about 6:10 o'clock in the evening of December 15, 1912, and sat down at a table, upon which there was no cover or anything, except a plate of sandwiches; that when they entered the room defendant and his wife were seated at another table; that he and Cahill ordered and drank two glasses of beer, before leaving; that they were not asked to order anything to eat and they ate nothing. Patrolmen Erb and Miller, members of the police department of the city of New York, testified to a similar violation on the afternoon of December 22, 1912, Patrolman Harden,

also a member of the police department of the city of New York, testified that he entered Buttner's place of business in the afternoon of December 29th, with Officer Webb, another member of the police force; that each ordered and drank a glass of beer, for which they paid 10 cents; that they were not asked to and did not order anything to eat. Buttling, another special agent in the Excise Department, testified that on January 26, 1913, at 5:30 o'clock in the afternoon, he went to Buttner's place of business in company with special agent Eilperin; that, after they had taken seats at a table, a waiter took their order for and served them with two glasses of whisky; that they were not asked to order and were not served with anything to eat. Buttling's testimony is corroborated by that of Eilperin.

On behalf of defendant, Tannenbaum, who at the time of the alleged violations was one of the bartenders and waiters in defendant's employ, testified he did not serve liquor to any of the witnesses called by plaintiff unless he served a meal with it; that he had been told by Buttner when a person ordered liquor on Sunday not to serve it unless he served a meal with it. The other bartender, Geiss, testified to similar instructions. The defendant and his wife both testified that they remembered Mulligan's visit to the hotel, but their testimony as to what occurred on that occasion is very conflicting. Mrs. Buttner, who did the cooking in the place, testified she was standing at the kitchen door when Mulligan came in; that the bartender Geiss went to him and returned to the kitchen and ordered a meal; that she prepared the meal; that she prepared the meal but Geiss brought it back to the kitchen, saying Mulligan had gone. Buttner, however, testified that he saw Mulligan at one of the tables eating. Geiss did not remember having ever seen Mulligan in the place. He did remember Officer Harden, whom he testified with a companion ordered a glass of beer and two sandwiches on one occasion, and after he had served the beer, and while the sandwiches were being prepared, they left. It further appeared that Geiss was tried in the Court of Special Sessions of the city of New York for this sale to Officer Harden on December 29, 1912, and was convicted and fined $10 for violating the Liquor Tax Law.

This was the condition of the evidence at the close of the case. In my opinion it established clear violations of the Liquor Tax Law, to which reference has been made, and, had a motion been made for the direction of a verdict in favor of the plaintiff, I think it would have been the duty of the court to have granted it. See Farley v. Bronx Bath & Hotel Co., 163 App. Div. 459, 148 N. Y. Supp. 579; Matter of Farley, 158 App. Div. 851, 144 N. Y. Supp. 268; Matter of Clement, 117 App. Div. 5, 102 N. Y. Supp. 37; Cullinan v. O'Connor, 100 App. Div. 142, 91 N. Y. Supp. 628. The agents and police officers went to the hotel, not for the purpose of ordering and obtaining, in good faith, a meal, but for the purpose of ascertaining, by getting something to drink, whether the law were being violated. This they had a right to do. They were not guests of the hotel. The placing of a plate of sandwiches upon a table was not serving a meal, within the meaning of the statute. It was a mere subterfuge, resorted to by Buttner to enable him to violate the law. Indeed, the instructions to his bartenders indicate

that liquor was to be served, not to guests of the hotel, but to any one who wanted it, only as a protection something to eat must be served with it. The court would be derelict in its duty if it permitted such an arrangement to protect one who violates the statute.

[2] I am also of the opinion that a verdict should have been directed in favor of the plaintiff upon another ground. The fact was not disputed that Geiss, one of the bartenders, had been convicted for selling liquor in violation of law to Officer Harden on one of the days in question. This conviction in and of itself established a violation of the bond and entitled plaintiff to recover against the principal therein named. The condition of the bond was that Buttner would not permit the premises to become disorderly and would not violate any of the provisions of the Liquor Tax Law. The conviction of Geiss established that he did both. He was responsible for the acts of Geiss while he was in charge of the premises; in other words, the act of Geiss was the act of his employer. In People v. D'Antonio, 150 App. Div. 109, 134 N. Y. Supp. 657, this court held that the holder of a liquor tax certificate was properly convicted of a misdemeanor for screening the windows giving a view of his bar from the street during the hours when traffic in liquor is forbidden, contrary to statute, although the obstruction was placed in position by his employé without his knowledge and during his absence. See, also, Commonwealth v. Kelley, 140 Mass. 441, 5 N. E. 834; People v. Roby, 52 Mich. 577, 18 N. W. 365, 50 Am. Rep. 270.

The effect on plaintiff's right to recover against Buttner by reason of the conviction of Geiss was squarely raised at the trial. The court charged that such conviction did not affect at all the plaintiff's right to recover, to which an exception was taken, and a request was then made to charge that, if the jury believed that the bartender Geiss was convicted in Special Sessions, then that conviction in itself was sufficient to entitle plaintiff to a verdict. This was declined and an exception taken. I think the court erred in charging as it did, and also in refusing to charge as requested.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant against defendant Buttner to abide event.

HOTCHKISS, J., concurs. INGRAHAM, P. J., concurs on the first ground. LAUGHLIN and DOWLING, JJ., dissent.