HERBERT S. SISSON, as State Commissioner of Excise of the State of New York, Appellant, *v.* STEPHEN HARVEY, Respondent.

First Department, December 6, 1918.

**Intoxicating liquors — sale of liquor on Sunday — when persons ordering sandwiches to obtain liquor on Sunday are not bona fide guests of hotel.**

Action by the State Commissioner of Excise to recover upon a bond given to secure due compliance with the Liquor Tax Law by the defendant, the holder of a liquor tax certificate. It was admitted that the defendant was the proprietor of a hotel and authorized to sell liquor to guests with their meals on Sunday, but the proof showed that in at least one instance on a Sunday persons who desired to order drinks without suggesting that they were desirous of obtaining anything to eat, were informed by an employee of the defendant that they must order something to eat, and that even a pretzel would answer, upon which advice they ordered sandwiches, it is apparent that they were not guests of the hotel, and a judgment for the defendant will be reversed and judgment awarded to the plaintiff.

APPEAL by the plaintiff, Herbert S. Sisson, as State Commissioner of Excise, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 9th day of March, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 5th day of March, 1918, denying plaintiff's motion for a new trial made upon the minutes.

*T. Channon Press* of counsel [*Harry D. Sanders,* attorney], for the appellant.

*Harry Kopp,* for the respondent.

LAUGHLIN, J.:

The defendant was the proprietor of the Parkway Hotel, at No. 2 East One Hundred and Tenth street, which is at the southeasterly corner of Fifth avenue, in the borough of Manhattan, New York. On the 20th day of September, 1916, he duly obtained a certificate authorizing him to traffic in liquors on said premises during the ensuing liquor tax year, and executed a bond in the penal sum of $1,800 conditioned, among other things, as required by the Liquor Tax Law,* that he would not violate or suffer or permit the violation of the provisions of that law, and in lieu of sureties he caused to be executed and delivered to the plaintiff a certificate of deposit in the sum of $2,000, indorsed payable to the State Commissioner of Excise. The complaint charges, among other things, that on the third day of June and the first and eighth days of July thereafter, which were Sundays, the defendant wrongfully and unlawfully trafficked in liquors on the premises by selling and delivering beer to certain named individuals to be and which was drunk on the premises. The answer put in issue the material allegations of the complaint and pleaded that the defendant was the keeper of an hotel and that any sales made were made to guests with their meals, and not in the barroom. On the trial all of the material facts, with the exception of those relating to said specific violations of the Liquor Tax Law,† were admitted, and it was also admitted that the defendant was conducting an hotel within the meaning of the Liquor Tax Law,‡ which entitled him to sell liquor to his guests with their meals on Sunday. There is some conflict in the testimony, but it really only relates to the point as to whether the defendant's employees suggested to those ordering drinks that they would have to order food in order to be furnished drinks, and that conflict exists only with respect to the sales on the first and last date. Three agents of the Excise Department testified that they visited the defendant's place of business on the third of June and ordered beer; that the waiter said that they would have

---

* See Consol. Laws, chap. 34 (Laws of 1909, chap. 39), § 16, as amd. by Laws of 1916, chap. 416.— [REP.

† See § 30, subd. A, as amd. by Laws of 1910, chap. 494.— [REP.

‡ See § 30, subd. N, as amd. by Laws of 1910, chap. 494.— [REP.

to order something to eat; whereupon one of them said that they did not desire anything to eat, but to bring them the cheapest food on which they could get a drink; that the waiter suggested ham sandwiches and brought them three glasses of beer and three ham sandwiches; that they paid fifteen cents for the beer and thirty cents for the sandwiches; that after drinking the beer and without touching or tasting the sandwiches they ordered cigars and another round of beer, and a beer but no sandwich for the waiter, and that he drank with them and that drinks were ordered by and furnished to others under like circumstances. One Schoessow, who testified that he was the only waiter there on that day, called by the defendant, stated that he did not remember the special agents, but could not say that they were not there and admitted that he might have served them on that day, but he denied that he had any such conversation as that to which they testified or that he suggested that they or any one else order something to eat as a condition of obtaining drinks, or that he served them or any one without a meal being ordered. Two special agents testified that they visited the premises on the eighth of July, and ordered beer and that the waiter said that they would have to have a sandwich; that one of the agents replied that they did not want anything to eat, to which the waiter answered that they would have to take a sandwich in order to get the drinks, and that they thereupon ordered the beer and sandwiches and a glass of beer for the waiter, which were served, and that the beer was drunk, but that the sandwiches were not eaten. The same waiter who testified with respect to June third testified for the defendant concerning the alleged sales of July eighth, substantially. to the same effect as he had testified with respect to June third. Two special agents testified that they visited the premises on July first and ordered beer and that the waiter said that they would have to order food; that they answered that they did not care to eat, to which the waiter replied that he would have to serve a sandwich and charge them therefor, whereupon one of them said for him to go ahead, but to make it cheap as they did not wish to eat, and that he brought them beer and sandwiches for which they paid, and that others were in the place at the time drinking beer without meals other than sandwiches. The

defendant's manager, one Schaefer, called by the defendant, testified that he was in charge and took all orders on that day; that he remembered one of the special agents and a conversation with him and he had an indistinct recollection concerning the other and that he recalled the incident on account of seeing, after they had departed, that they had left part of the sandwiches on the table, which aroused his suspicion; that they came in and asked for a drink, and he handed them a bill of fare saying, " You will have to buy a meal; we do not serve drinks here without meals," and drew their attention to a sign to that effect on the wall and told them to pick out anything they liked and said to them " it is not up to me to tell you what you want to eat; for my part you can eat a pretzel; here is the bill of fare; pick out what you want," and that thereupon one of the special agents said, " Bring us two ham sandwiches," to which he replied, " All right, if you call that a meal I will bring two ham sandwiches," and that he brought the sandwiches and two glasses of beer and charged them thirty cents.

While it might be said that the testimony of the special agents with respect to sales on the first and last date was controverted to some extent concerning the material fact as to whether drinks were first ordered whereupon the waiter suggested that they must order something to eat before they could be served with drinks, there is no conflict in the testimony on that point with respect to the sales on the first of July, for the testimony of the defendant's manager clearly shows that he understood that the special agents had come, not to obtain a meal, but to obtain drinks, and that he pointed out to them the way they could obtain the drinks, viz., by ordering something to eat and by suggesting to them that even a pretzel would answer.  It is not incumbent on the plaintiff to establish all of the violations charged.  If a single violation was shown by uncontroverted evidence he was entitled to recover.  At the close of the evidence his counsel duly moved for judgment and excepted to the denial of the motion.  The sale of the liquor was uncontroverted.  That cast the burden on the defendant of showing that the sales were made to guests of the hotel.  (*Matter of Clement* [*Martin Certificate*], 117 App. Div. 5; *Cullinan* v. *O'Connor*, 100 id. 142; *People* v.

*Clark,* 61 id. 500; *Matter of Schuyler,* 63 id. 206.) The defendant did not sustain that burden, for on the uncontroverted testimony the situation presented by the call of the special agents at the defendant's place of business on July first, at least, and their sitting down at a table and ordering drinks without in any manner suggesting that they were desirous of obtaining anything to eat was not " such as to indicate to a person of ordinary intelligence " that they had resorted there in good faith to obtain a meal and that the liquor they ordered after the defendant's manager informed them, in the manner stated by him, that drinks were not served without meals and that they might order anything they liked to eat, and that even a pretzel would answer, was an incident to the sandwiches ordered as meals on this suggestion of the manager, which is now the well-settled rule by which the question as to whether one to whom liquor has been served at an hotel on Sunday was or was not a guest. (*Farley* v. *Bronx Bath & Hotel Co.,* 163 App. Div. 459; *Matter of Clement [Martin Certificate], supra; Cullinan* v. *O'Connor, supra; Farley* v. *Buttner,* 165 App. Div. 343.)

It follows that the order and judgment should be reversed, with costs, and judgment awarded in favor of plaintiff in accordance with the prayer of the complaint and for costs upon its motion for judgment at the close of the evidence.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Judgment and order reversed, with costs, and judgment ordered for plaintiff, with costs.