COMMONWEALTH *vs.* FRED L. CLOSSON.

Suffolk.    November 15, 1917. — February 25, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*United States Mail. Way,* Public. *Law of the Road. Jurisdiction,* Over mail carriers. *Constitutional Law.*

A mail carrier, driving a horse attached to a mail wagon and engaged in distributing the United States mail on a public highway or on a public parkway, is subject to the rules and regulations made respectively by the street commissioners and the park commissioners requiring a traveller to drive on the right hand side of a road and in turning to the left into another street to pass to the right of and beyond the centre of the intersecting street before turning.

Although under U. S. St. 1884, c. 9, "all public roads and highways while kept up and maintained as such are declared to be post routes," and whoever knowingly and wilfully obstructs or retards "the passage of the mail, or any carriage, horse, driver, or carrier" is subject upon conviction to fine or imprisonment or both under the statutes of the United States, yet the public ways laid out and maintained by the Commonwealth and its subdivisions can be altered or discontinued only by the authorities that laid them out and such authorities also have the power of supervision and control inherent in the Commonwealth and can make and enforce reasonable regulations for the use of such public ways.

The regulations relating to the operation by drivers of vehicles on the public ways, which are mentioned above, are reasonable and constitutional and their violation properly is punishable as a criminal offence.

TWO COMPLAINTS, filed in the Municipal Court of the Roxbury District of the City of Boston on January 25, 1917, the first charging that the defendant on January 24, 1917, on Commonwealth Avenue in Boston, a public way in charge of the park commissioners of that city, "did drive a certain vehicle other than upon the right of said way, against the peace of the Commonwealth, and the form of the statute of said Commonwealth, and the by-laws and ordinances of said city of Boston and the rules and regulations of the board of park commissioners of said city of Boston, in such case made and provided," and the second charging that the defendant on January 24, 1917, on Commonwealth Avenue, a

public street in the city of Boston, "did drive a certain vehicle and upon turning to the left into an intersecting street, to wit, Brookline Avenue, did not then and there pass to the right of and beyond the centre of the said intersecting street before turning to the left as aforesaid, against the peace of said Commonwealth, and the form of the statutes of said Commonwealth, and the by-laws and ordinances of said city of Boston and the rules and regulations of the board of street commissioners of said city of Boston, in such case made and provided."

On appeal to the Superior Court the complaints were tried together before *Aiken,* C. J.

To both of the complaints the defendant filed a plea to the jurisdiction as follows:

"And now comes the defendant in these actions and denies the jurisdiction of this court, and for the following reasons:

"That the acts charged against the defendant in both of these complaints were committed by the defendant as an agent of the United States government, in and about a matter wholly within federal control; that is, he was engaged in distributing and delivering the United States mail in the manner prescribed for him by the United States authorities and while he as a sworn employee of the United States post office department was carrying out the duties imposed upon him as a United States agent.

"The acts alleged in both of these complaints were performed wholly without criminal intent upon the defendant's part, and said acts were entirely necessary in the speedy and uninterupted transportation and delivery of the United States mails.

"That the control and method of delivery of the United States mail is entirely within the authority of the United States and cannot be regulated and controlled by the police powers of the Legislature of this Commonwealth.

"Wherefore the defendant prays this honorable court that it dismiss both of these complaints because of lack of jurisdiction in this matter."

The Chief Justice made an order overruling the plea to the jurisdiction, and the defendant excepted.

At the trial the defendant testified that he was engaged in delivering the United States mail from one of the post office department wagons when he committed the acts charged, he

being alone in the wagon, that he was authorized and instructed by the post office officials to take the shortest course, to travel upon the left hand side of the street and next the curb if doing so resulted in saving time and enabled him to deliver the mail more speedily and without interruption, and that his acts complained of were necessary in following out the instructions of his superiors. He further testified that to comply with the traffic rule and the park rules alleged to have been violated in the complaints and therefore to travel with his vehicle to the right of the centre of Commonwealth avenue at the part alleged in the complaint, he would be obliged to cross and recross the street each time he left his vehicle and entered a house and that he was obliged to deliver mail at nearly every house along the left hand side of the avenue and that on the day in question he had delivered mail at about ten houses on that side when he was stopped by the complainant.

The defendant further testified that, if he had travelled on the right of the centre of Commonwealth Avenue at the part of the avenue alleged in one of the complaints, he would have consumed about at least thirty-five minutes more in the distance from the intersection of Charlesgate West and the point where he was stopped by the complainant than he would have consumed in travelling on the extreme left hand side as he was doing at the time alleged. He further testified that he could not keep his mail matter, left in the wagon, under his control so well at that distance on the right hand side and that it would be in danger of loss by being stolen. He further testified that to follow the rule which the first complaint alleged he violated would greatly delay the mail on his route as a whole and he could not cover more than half the territory and he could not deliver mail in a speedy and uninterrupted manner.

One Hanson testified that he was the superintendent of the Back Bay postal station, having in charge the postal system in the entire Back Bay district of Boston, that the defendant was a letter carrier under his charge and direction and in travelling in the way alleged in these complaints was acting under his instructions and by his direction in the delivery of the United States mail in a speedy and uninterrupted manner; that a compliance with traffic and park rules involved in these two complaints would seriously

interfere with and greatly delay the delivery of the mails. He further testified that these instructions given by him were only given to the carrier when delivering the mail.

The rules and regulations of the board of park commissioners and the board of street commissioners of the city of Boston applicable to the complaints were admitted in evidence and it was agreed that these boards respectively had jurisdiction over the places referred to in the evidence. The rules and regulations put in evidence were as follows:

"Rules and Regulations of Board of Park Commissioners.
"Park Rule No. 5.

"No person shall ride or drive — on other than the right-hand side of a road and in a direct course, except when passing another or turning, or — past any animal or vehicle except to the left thereof, or — across a road without giving the right of way to all other persons, or — upon or over the space reserved for street railway cars and grass; or ride a cycle unless he has his hands on its handle-bar and his feet on its pedals and it has a suitable alarm-bell, or ride a cycle by the side of more than one cycle."

"Rules and Regulations of Board of Street Commissioners.
"Article 1, Section 6.

"A vehicle in turning to the left into another street shall pass to the right of and beyond the centre of the intersecting street before turning."

At the close of the evidence the defendant asked the Chief Justice to instruct the jury as follows:

"1. That upon all the evidence the jury must find the defendant not guilty on both of these complaints.

"2. That if the jury find that the defendant was engaged in delivering the United States mails at the time of the acts complained of, and that such delivery involved the acts here complained of, then the jury will find the defendant not guilty on both of these complaints.

"3. If the jury find that the defendant was engaged in delivering the United States mail, and that in order to facilitate said delivery he committed said acts, and that said acts were necessary in the speedy and uninterrupted delivery of the United States mail,

then the jury will find the defendant not guilty on both of these complaints.

"4. If the jury find that the defendant committed the acts complained of without criminal intent and acting wholly under the direction of his United States post office authority, then the jury will find the defendant not guilty on both of these complaints."

The Chief Justice refused to make any of these rulings, and submitted the cases to the jury, instructing them, among other things, as follows:

"If you find that the defendant committed the acts alleged in these complaints then you will find him guilty, regardless of the amount of delay which would have been caused the delivery of the United States mail had he complied with and obeyed the traffic rules which these complaints allege that he violated."

The jury found the defendant guilty on both of the complaints; and the defendant alleged exceptions.

*F. T. Conley,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth, submitted a brief.

BRALEY, J. The defendant does not contend that the rules and regulations of the respective commissioners of parks and of streets had not been duly promulgated, or were not in force at the time stated in the complaints, or that he did not violate those rules, which require the driver of vehicles to keep to the right hand side of the way, and that when passing on his left to an intersecting street he must before turning proceed to the right until beyond the centre of the intersecting street. It is immaterial that he was not actuated by any criminal intent. In prosecutions for misdemeanors created by statute under the exercise of the police power, proof of a guilty mind or corrupt purpose is not essential to a conviction. *Commonwealth* v. *New York Central & Hudson River Railroad,* 202 Mass. 394.

But by the plea to the jurisdiction, requests for rulings, and exceptions to a portion of the instructions, his defence rests upon the ground that, being employed as a mail carrier using a vehicle for the delivery of mail, he is immune from prosecution and punishment. The designated streets or ways are not however instrumentalities created by the general government, where "exemption from State control is essential to the independence and sovereign

authority of the United States within the sphere of their delegated powers." *Newcomb* v. *Rockport*, 183 Mass. 74, 76, 78. *Commonwealth* v. *Clary*, 8 Mass. 72. If they were, the defendant has committed no offence. While undoubtedly they are post roads under the United States statute of March 1, 1884, c. 9, enacting that "all public roads and highways while kept up and maintained as such are hereby declared to be post routes," and whoever knowingly and wilfully obstructs or retards "the passage of the mail, or any carriage, horse, driver, or carrier, . . ." is upon conviction, subject to fine, or imprisonment, or both, by U. S. Rev. Sts. § 3995, U. S. St. of 1909, c. 321, § 201, (Compiled Statutes 1916, § 10371,) yet the ways remain public ways laid out and maintained by the Commonwealth, which has the exclusive power, not only of alteration and of discontinuance, but to make and enforce reasonable regulations for their use. The facilities thereby afforded for transportation of the mails confer no extraordinary rights upon mail carriers to use the ways as they please, nor do they necessarily or impliedly do away with the power of supervision and control inherent in the State. *Commonwealth* v. *Breakwater Co.* 214 Mass. 10. *Postal Telegraph Cable Co.* v. *Chicopee*, 207 Mass. 341, 350. *Dickey* v. *Turnpike Road Co.* 7 Dana, (Ky.) 113. *Seabright* v. *Stokes*, 3 How. 151. *Price* v. *Pennsylvania Railroad*, 113 U. S. 218, 221. *St. Louis* v. *Western Union Telegraph Co.* 148 U. S. 92. *Martin* v. *Pittsburg & Lake Erie Railroad*, 203 U. S. 284.

The use of the streets by travellers of every description is not prohibited. It is only the mode of operation by drivers of vehicles which is regulated, and, being reasonable, because well adapted for the security and protection of all travellers, the rules are constitutional and their violation is punishable as a criminal offence. *Commonwealth* v. *Kingsbury*, 199 Mass. 542. *Commonwealth* v. *Maletsky*, 203 Mass. 241. *Commonwealth* v. *Feeney*, 221 Mass. 323.

The plea to the jurisdiction and the exceptions accordingly must be overruled.

*So ordered.*