MARKO v. CITY OF YOUNGSTOWN.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Mar. 23, 1928.

Williams, J., of the 6th, and Thomas, J., of the 4th Dist., sitting.

First Publication of This Opinion.

Syllabus by Editorial Staff.

799. MUNICIPALITIES—291. Constitutional Law—1104. Statutes—928. Police Power.

Charter city has constitutional power to prescribe fine in excess of $500 for violation of local police regulation.

Error to Common Pleas.
Judgment affirmed.

D. F. Rendinell, Youngstown, for Marko.
Carl Armstrong, Youngstown, for City of Youngstown.

FULL TEXT.

WILLAMS, J.

The plaintiff in error, John Marko, was charged in the Municipal Court of the City of Youngstown with violation of city ordinance which prohibits the possession of intoxicating liquor. He pleaded guilty to the charge and was fined eight hundred dollars and costs. Error was prosecuted to the Court of Common Pleas, which affirmed the judgment. This proceeding in error is brought to reverse the judgments of the courts below.

Youngstown is a charter city and the charter is framed under Article XVIII of the Constitution of Ohio, Section 3 whereof provides as follows:

"Municipalities shall have authority to exercise all powers of local self government, and to adopt and enforce within their limits such local police, sanitary and other

similar regulations, as are not **in conflict with general laws.**"

In part first, division, two chapter one, of the General Code of Ohio, the general powers of municipalities are enumerated, and among such powers are those provided in General Code Section 3628, which reads as follows:

"MISDEMEANOR. To make the violation of an ordinance a misdemeanor and **provide** for the punishment thereof by fine or imprisonment, or both, but such fine shall not exceed $500.00, and such imprisonment shall not exceed six months."

The plaintiff in error claims that under the provisions of Section 3628, the powers of a charter city to pass ordinances in exercise of the police power by making a prescribed act a misdemeanor, and providing for the punishment thereof, the limit of a fine which may be fixed by a municipality is $500.00.

We are of the opinion that while the provisions of Section 3628 are a limitation upon the powers of all municipalities which have not acted under the Home Rule provisions of the Constitution and adopted a charter, such provisions are not a limitation upon the powers of such a charter city in adopting and enforcing within their limits local police, sanitary and similar regulations. It is true that the section of the Constitution above quoted forbids the enactment by the chartered municipality of local police regulations in conflict with general laws, and a charter city can not pass any such regulations which nullify or conflict with laws in the nature of police regulations enacted by the General Assembly of Ohio. On the other hand, the General Assembly of Ohio can not pass laws which restrict the power of the chartered municipality, operating under Home Rule, in enacting ordinances of police regulations in the exercise of powers conferred by the Constitution. To hold that the General Assembly has such power would be to hold that it has power to limit the powers conferred on the chartered municipality by the Constitution. The defendant in error has constitutional power to prescribe a fine in excess of $500.00 for violation of a local police regulation.

For the reasons given the judgment will be affirmed.

(Farr and Thomas, JJ., concur.)