"Williams, J.
 

 The questions presented are procedural and arise out of the failure of the trial court to rule on defendant’s objection to the ordinances on the ground of incompetency, irrelevancy and immateriality, and the omission of such ordinances from the bill of exceptions as a part of the evidence.
 

 Were the ordinances a part of the record?
 

 Since the ordinances were set out in full in the second amended petition, the admissions by the defendant by which he signified that he made no question regarding the ordinance provisions except as to their admissibility, obviated the necessity of putting the ordinances in evidence. The very purpose of making the admissions was to save the trouble of having the clerk of the council bring the original ordinances into court under subpoena. If they had been admitted by the pleadings, production would have been unnecessary and admissions in open court during trial are of as much binding force as if made in the answer. The ordinances were part of the record by virtue of such
 
 *204
 
 admissions although not incorporated in the bill of exceptions.
 

 What was the effect of the failure of the trial court to rule specifically on defendant’s objection to the ordinances and the further failure to admit them in evidence formally?
 

 Perhaps misapprehension has arisen through failure to distinguish between an .ordinance as law and an ordinance as fact. If a ease is being tried in a municipal court the court will take judicial notice of an ordinance in force in that particular jurisdiction.
 
 Orose
 
 v.
 
 Hodge Drive-It-Yourself Co.,
 
 132 Ohio St., 607, 9 N. E. (2d), 671. An ordinance is to the municipality what a statute is to the state. When a case, originally begun in a state court, is being tried there, an ordinance, unless admitted by the pleadings or in open court by the parties, must be proved like a foreign state statute. See
 
 Herrell
 
 v.
 
 Hickok,
 
 133 Ohio St., 66, 11 N. E. (2d), 869;
 
 Louisville & Nashville Rd. Co.
 
 v.
 
 Greene, Admx.,
 
 113 Ohio St., 546, 149 N. E., 876; and
 
 Erie Rd. Co.
 
 v.
 
 Welsh,
 
 89 Ohio St., 81, 105 N. E., 189. But a competent, material and relevant ordinance, when so admitted, becomes the law of the case on trial and need not be formally offered in evidence. In such event the ordinance is to be interpreted not by the jury but by the court, and if the court interprets the admissible parts to the jury by instructions that are free from prejudicial error it is not just ground of complaint that the jury has not read the ordinance or heard it read. Ordinances, eoncededly in force, whether by judicial notice, proof or admission by the parties, are like statutes of the state; it is sufficient if the court fully and adequately instructs the jury as to their, meaning and effect.
 

 The admissions of defendant in open court were so sweeping as to amount to a concession that the ordinances were accurately pleaded and in force at the time plaintiff was injured. However, the only matter
 
 *205
 
 in all the ordinances the trial court considered material was the requirement that the stairway be sufficiently lighted, found in Section 1222(c) of the Ordinances of the city of Cleveland, which reads: “Every stairway shall be provided with sufficient light, either natural or artificial, and all artificial lights, together with lights in the
 
 exit
 
 signs, shall be kept burning while the building served by stairway is being used or occupied.” (Italics ours.)
 

 Section 1222(c) is made applicable to the defendant by Section 2042 of the Ordinances of the city of Cleveland, which reads: “Whoever * * * maintains either as owner, lessee, agent or otherwise, or in any other capacity, any building in violation of any of the provisions of this division * * * shall be deemed guilty of a misdemeanor * * *.”
 

 Nowhere in their brief do counsel for defendant specifically claim that Section 1222(c) has no application to a gwasi-public building such as the lodging house and hotel controlled by the defendant as receiver and known as the Huling Hotel.
 

 It will be observed on comparison that the general charge followed in substance the language of Section 1222(c). Since the instructions, taken as a whole, advised the jury as to the legal effect and meaning of the only part of the ordinance provision that was admissible, it was before the jury as fully as if the ordinance record had been brought down and the admissible part read to the jury during the trial. The trial court thus accomplished by instructions the exclusion of the immaterial part and the admission or giving to the jury of the material part of the ordinances. The trial court was within its province in instructing the jury with reference to the ordinance provisions as pleaded by the plaintiff and admitted by the defendant and the defendant saved all the questions as to competency, relevancy and materiality of the ordinances by excepting to the instructions given. The defendant
 
 *206
 
 was not prejudiced in any way because the original ordinances were not offered in evidence, and it is hard to see how he can complain because they were not, since he, himself, waived, their production.
 

 This court, having made an examination of the ordinances, finds that none of them save Section 1222(c), upon which instructions were given, has any material bearing on the issues joined. Since the trial court withheld from the jury all the ordinance provisions that were inadmissible and instructed the jury only on Section 1222(c), no prejudicial error was committed.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Matthias and Hart, JJ., concur.