Williams, J.
 

 The state of Ohio asks a reversal of the judgment of the Court of Appeals and an affirmance of the judgment of the Court of Common Pleas insofar as the latter relates to the conviction and sentence of Ray L. Berry to the Ohio penitentiary. Two questions are presented: (1) Did the indictment state an offense against the defendant Berry? (2) Assuming that the indictment was sufficient, did the evidence warrant his conviction?
 

 
 *193
 
 Was the indictment sufficient?
 

 The odd-numbered counts charged the defendant Berry and others with corruptly giving a- bribe to John L. Abbott and it was alleged in each that he, Abbott, “was a duly appointed, qualified and acting senior assistant mechanical engineer of the city of Cleveland and in said position was an agent and employee of said city of Cleveland.”
 

 Each of such counts is challenged solely for the above-quoted language and counsel for defendant Berry maintain that such language does not show Abbott to be an incumbent of any of the positions, official or otherwise, enumerated in Section 12823, General Code.
 

 That section insofar as it relates to giving a bribe, provides: “Whoever corruptly gives * * * to a member or officer of the General Assembly, or of either house thereof, or to a state, judicial or other officer, public trustee, or an agent or employee of the state of such officer or trustee, either before or after his election, qualification, appointment or employment, any valuable thing * * * to influence him with respect to his official duty, or to influence his action, vote, opinion or judgment, in a matter pending, or that might legally come before him * * * shall be imprisoned in the penitentiary not less than one year nor more than ten years.”
 

 There was no motion to quash and no request for a bill of particulars.
 

 Under the new Code of Criminal Procedure many technicalities which formerly favored the accused are no longer of any avail and “defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits” are not fatal to an indictment. Section 13437-7, General Code. Furthermore it is not necessary that the allegation of the indictment be in the language of the statute and legal requirements are complied with if the allegations are sufficient to give the accused notice of the offense charged. Section 13437-4, General Code.
 

 
 *194
 
 The indictment does not specifically charge that Abbott was (a) an officer, (b) an agent or employee of the state, or (c) an agent of an officer or officers. It might have charged that Abbott was an officer, to wit, senior assistant mechanical engineer. Admittedly the position of senior assistant mechanical engineer is not one of which the court takes judicial notice as being a public office. So we pass by the state’s claim that the indictment is valid in that it charges Abbott with being senior assistant mechanical engineer without the additional allegation that, as such, lie was an officer. In effect the charges in the indictment recite that Abbott held a position in which he was an agent and employee of the city of Cleveland. Therefore in the final analysis the real question raised by the demurrer is whether the odd-numbered counts are fatally defective because the person alleged to have received bribes is designated as an agent and employee of the municipality. Had the indictment charged that Abbott was an agent and employee of an officer or officers of the city of Cleveland then there would be no question of its sufficiency.
 
 Barker
 
 v.
 
 State,
 
 69 Ohio St., 68, 68 N. E., 575. Yet an incorporated city being inanimate can only act through officers or agents. Its officers are the direct representatives of the city in their respective capacities and perform many of their duties by and through agents. The maxim
 
 qui facit per alium facit per se
 
 applies here. That is to say, the agent of a city’s officer is necessarily an agent of the city itself. Whenever an officer of a municipality acts in its behalf through an agent or employee, such agent or employee is the agent or employee of the municipality itself. This court, therefore, is constrained to hold that the bribery statute even by a strict construction applies to every agent and employee of a municipality and that the indictment was sufficient.
 

 Did the evidence warrant conviction?
 

 This question stated more definitely is whether the
 
 *195
 
 evidence shows that the defendant Berry either as principal or as aider and abettor participated in giving a bribe or bribes to Abbott as an agent or employee of the city of Cleveland.
 

 During the time in question Abbott was employed in the department of public utilities which is an agency of the city of Cleveland, a charter municipality. This department had power through its director of public utilities and other officers to make contracts for the city as its principal. The director was appointed b.y the mayor and was a member of his official cabinet. The coal contracts were submitted for approval to the board of control which consisted of the mayor’s cabinet and that board made the award.
 

 Abbott began working for the city of Cleveland as combustion engineer on July 11, 1922. He was thereafter given an appointment as mechanical engineer on January 1, 1927. This latter position was reclassified by ordinance of February 16,1928, as senior assistant mechanical engineer, in which latter position Abbott continued from that time until the date of his dismissal on April 25, 1938. In that position it was Abbott’s duty to approve the analyses of coal before it was purchased by the city. The defendants Costanzo, Berry and Crow were, respectively, president, vice president and sales manager, and sales representative in Cleveland for the Costanzo Coal Mining Company. The evidence shows that over a period of years, Berry, Costanzo and Crow, conspiring together, paid Abbott upwards of $3,000 to alter analyses of coal so that the Costanzo Coal Mining Company could obtain contracts for the sale thereof to the city of Cleveland. It was the duty of Abbott in his capacity as senior assistant mechanical engineer to pass upon and approve or disapprove these analyses. By altering them, Abbott enabled the conspirators to obtain many coal contracts for their company.
 

 It is urged by counsel for defendant that Berry him
 
 *196
 
 self gave no bribes to Abbott. It appears from the evidence that they were frequently together and spent considerable time with each other. With reference to the happenings at a lunch attended by Abbott and Berry, Abbott testified: “Mr. Berry handed me $50. It was a $50 bill and he said — I said, ‘I don’t want to take that,’ and he said, ‘Well, now, for the help that you can give me when this contract comes out. Don’t accept it as a bribe, but,’ he said, ‘more as a Christmas present.’ So I took the $50.”
 

 With respect to the $2400 transaction which involved 120,000 tons of coal, Crow talked to Abbott and promised him two cents a ton for his help in making the sale. Later Berry stated to Abbott, in substance, that he (Abbott) would receive the two cents a ton if Berry’s company was awarded the contract. Thereupon Abbott altered the analysis by lowering the ash and sulphur percentage, thus saving the company from paying a penalty. The company got the contract and Abbott received his two cents per ton amounting to $2,400, less a deduction for Crow’s income tax. Corruption of Abbott by bribery covers a considerable stretch of time and includes the periods specified in the indictment. Further recital of facts showing Berry’s implication would be of little avail. The state’s evidence with respect to Berry’s guilt is ample and the proof shows that Abbott received the bribe money as an agent or employee of the city of Cleveland.
 

 In our judgment the odd-numbered counts of the indictment are sufficient in form and substance and the evidence warranted the conviction of defendant Berry thereon.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turnee, Hart, Zimmerman and Bettman, JJ., concur.