**MATTHEWS, Plaintiff, v. RUSSELL, Supt., Respondent.**

Ohio Appeals, Second District, Montgomery County.

No. 2072. Decided December 10, 1949.

Louis C. Capelle, Cincinnati, for plaintiff.
Herbert S. Beane, City Attorney, William P. Keane, Asst. Pros., Dayton, for respondent.

## OPINION

By MILLER, PJ.:

This is a habeas corpus proceeding originating in this court. The facts disclose that the petitioner was convicted of assault and battery in the Municipal Court of Dayton, Ohio, and sentenced to serve one year in the Workhouse and to pay a fine of $1,000.00 and costs. This is the maximum penalty as defined by ordinance Section 943-2 of the City of Dayton. The maximum penalty as prescribed by §12423 GC for this offense is a fine of not more than $200.00 or imprisonment for not more than six months or both. The petitioner is contending that the ordinance under which he was sentenced is void as being in conflict with State law, to wit, §12423 GC; in violation of §3628 GC which limits the penalty for violation of a city ordinance to six months imprisonment or a fine of $500.00 or both; also in violation of **Article I, Section 9 of the Ohio Constitution**, which provides that cruel and unusual punishment shall not be inflicted.

The first question presented is whether the difference in the penalties as prescribed in the ordinance and the General Code constitute a conflict such as to bring the ordinance within the inhibition of the latter part of **Article XVIII, Section 3 of the Constitution**. This question has been definitely passed upon in the negative in the case of **Village of Struthers v. Sokol, 108 Oh St 263,** which should require no further comment from us. Syllabus 3 provides:

"A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, * * * or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

A more recent case deciding the same question is found in the **Village of Leipsic v. Folk, 38 Oh Ap 177, syllabus 3:**

"That ordinance against disturbing good order and quiet of village provided for fine not exceeding $100, and that statute provided that fine should in no case exceed $50, did not invalidate ordinance (§3665 GC; **Article XVIII, Section 3, Constitution**)."

The next question presented is whether §3628 GC which limits the penalty in a city ordinance to a fine of $500.00 and imprisonment not in excess of six months, is effective as a limitation upon the powers of a municipal corporation. This statute is not a general law within the meaning of the home rule amendment and the limitations therein contained as to the amount of punishment are not binding upon municipalities since the adoption of the amendment of 1912. **City of Youngstown v. Evans, 121 Oh St 342, syllabi 1 and 2:**

"1. The power conferred upon municipalities to enforce within their limits local police, sanitary and other similar regulations is only limited by general laws in conflict therewith upon the same subject matter.

"2. Sec. 3628 GC, is not a law defining offenses and prescribing the punishment therefor, and is not therefore effective to bring an ordinance purporting to define and punish offenses in conflict with **Section 3, Article XVIII,** of the Constitution."

See also **Marko v. Youngstown, 6 Abs 477,** and **Ermekiel v. State, 8 Abs 121.** The penalty imposed is neither cruel nor unusual and does not violate **Article I, Section 9 of the Constitution.** To argue that it is, is indeed most primitive as these types of penalties have been regularly employed since our earliest civilization. Judge Day, in commenting on this subject in the case of **Holt v. State, 107 Oh St 307,** says at page 314:

"The term 'unusual,' employed in **Section 9, Article I of the Ohio Constitution,** means the kind of punishment inflicted, and is not used in the sense urged by plaintiff in error. We are content to follow the language of Wilkerson v. Utah, 99 U. S., 130, 25 L. Ed., 345, as interpreting the meaning of the expression:

'Difficulty would attend the effort to define with exactness the extent of the constitutional provision which provides that cruel and unusual punishments shall not be inflicted; but it is safe to affirm that punishments of torture, such as those mentioned in the commentator referred to (4 Blk. Com., 377, where the prisoner was drawn and dragged to the place of execution in treason; where he was emboweled alive; beheaded and quartered in high treason; cases of public dissection in murder; and if burning alive in treason committed by a female), and all others in the same line of unnecessary

cruelty, are forbidden by that amendment of the Constitution.' "

Having found that the ordinance is valid, the application will be denied.

HORNBECK and WISEMAN, JJ, concur.