City of Toledo, Appellant, *v.* Kohlhofer, Appellee.

(No. 4767—Decided March 15, 1954.)

*Mr. Robert Dorrell,* for appellant.
*Messrs. Hartman, Wynn & Carter* and *Mr. Dan H. McCullough,* for appellee.

Fess, J. This is an appeal by the city of Toledo on questions of law from a judgment of the Municipal Court of Toledo sustaining a demurrer and dismissing an affidavit charging that the defendant "did, at 2 N. Erie Street in the city of Toledo, Ohio, sell, offer for sale and did exhibit a device or article, to wit: a rubber device commonly known as a condom, intended for the prevention of conception, the same being contrary to Section 17-10-8 of the Municiple [*sic*] Code for the city of Toledo, Ohio."

Although no provision is made for an appeal from a judgment adverse to a municipality in Chapter 2953 of the Revised Code (Section 13459-1 *et seq.,* General Code), such an appeal is authorized to be taken either to the Common Pleas Court or the Court of Appeals by Section 1901.30, Revised Code (Section 1609, Gen-

eral Code), in accordance with the provisions of Chapter 2505 of the Revised Code (Section 12223-1 *et seq.,* General Code), as well as Chapter 2953 of the Revised Code (Section 13459-1 *et seq.,* General Code). Cf. *State* v. *Brunswick,* 69 Ohio App., 407, 44 N. E. (2d), 116. Procedure on criminal appeals specifically provided in Chapter 2953, Revised Code, must govern, but in the absence of such specific provision, the provisions of Chapter 2505, Revised Code, are to be applied.

In determining this appeal, this court takes judicial notice of the ordinance of the city under which the charge is brought. *Orose* v. *Hodge Drive-It-Yourself Co.,* 132 Ohio St., 607, 9 N. E. (2d), 671, 111 A. L. R., 954; *Page* v. *Wieland, Recr.,* 137 Ohio St., 198, 204, 28 N. E. (2d), 583, and *Village of Strongsville* v. *McPhee,* 142 Ohio St., 534, 539, 53 N. E. (2d), 522.

Ordinance 17-10-8 reads as follows:

1. ''Whoever sells, lends, gives away, exhibits, or offers to sell, lend, give away or exhibit, or publishes or offers to publish or has in his possession for such purpose, an obscene, lewd, or lascivious book, pamphlet, writing, advertisement, circular, print, picture, photograph, drawing, representation, figure, image, cast, instrument or article of an indecent or immoral nature, *or a drug, medicine, article or thing intended for the prevention of conception* or for causing an abortion, or advertises any of them for sale or writes, prints or causes to be written, or printed a card, book, pamphlet, advertisement, or notice giving information when, where, how, of whom or by what means any of such articles or things can be purchased or obtained, or manufactures, draws, prints or makes such articles or things, or sells, gives away or shows to a minor, a book, pamphlet, magazine, newspaper story, paper or other paper devoted to the publication or principally made up of criminal news, police reports, or accounts of criminal deeds, or pictures and stories of immoral

deeds, lust or crime, or exhibits upon a street or high-way or in a place which may be within the view of a minor, any of such books, papers or pictures, shall be fined not less than fifty dollars ($50.00) nor more than five hundred dollars ($500.00) or imprisoned not more than six months, or both." (Italics supplied.)

2. "This section shall not affect the publication of standard medical books, or regular practitioners of medicine, or druggists in their legitimate business."

The grounds of the demurrer are:

1. That the facts stated in the affidavit do not constitute an offense against the ordinances of the city of Toledo or the laws of Ohio.

2. That the ordinance is unconstitutional, arbitrary and capricious, and seeks to establish an unreasonable classification of persons who may sell condoms solely for the purpose of creating a monopoly.

The unconstitutionality of a statute or ordinance upon which the charge is brought may be raised by demurrer on the ground that the statute is unconstitutional on its face. But the well-established canon of construction that every reasonable presumption be indulged in favor of the constitutionality of a statute applies to the power of municipalities to adopt and enforce such local regulations under the police power as are not in conflict with general laws. *Leis* v. *Cleveland Ry. Co.,* 101 Ohio St., 162, 128 N. E., 73; *City of Xenia* v. *Schmidt,* 101 Ohio St., 437, 130 N. E., 24. It is also held in many Ohio decisions that a clear incompatibility between a law and the Constitution must exist before the judiciary is justified in holding the law unconstitutional. 8 Ohio Jurisprudence, 162, Section 63; *City of Xenia* v. *Schmidt, supra; L. & M. Investment Co.* v. *Cutler,* 125 Ohio St., 12, 19, 180 N. E., 379, 86 A. L. R., 707.

The demurrer admits the truth of well-pleaded allegations of the affidavit (*State* v. *Peters,* 112 Ohio St.,

249, 252, 147 N. E., 81) and in ruling upon a demurrer, the court should treat as admitted all facts well pleaded in the affidavit or complaint attacked, and may not consider any fact dehors the pleading or the record. 42 Corpus Juris Secundum, 1233, Section 223. Although section 2 of the ordinance provides that it shall not affect regular practitioners of medicine or druggists in their legitimate business, in the absence of evidence clearly disclosing that the classification is unreasonable in violation of the Constitution, the contention of the defendant that the ordinance on its face is unconstitutional is not sustained. The presumption of constitutionality continues until its invalidity is "proved" beyond every substantial doubt, and must be determined from its operation and effect rather than from the form it may be made to assume. *Butzman* v. *Whitbeck,* 42 Ohio St., 223.

Defendant is charged with selling, offering for sale and exhibiting an article known as a condom intended for the prevention of conception. The ordinance prohibits the selling, offering for sale or exhibiting an article or thing intended for the prevention of conception. The complaint, therefore, upon its face, states a valid cause of action under the ordinance.

Except for the penalty, the ordinance at the time of its adoption was copied almost verbatim from Section 13035, General Code, which at the time of the adoption of the ordinance did not include knowledge as an element of the offense. (In the interest of raising revenue municipalities are too often prone to re-enact statutory penalties.) In 1943 (120 Ohio Laws, 230), Section 13035, General Code, was amended in several respects and provided that whoever *knowingly* sells, etc., but the ordinance has not been subsequently amended to conform to the 1943 amendment.

Municipalities are invested with authority to adopt and enforce within their limits such local police, sani-

tary and other similar regulations "as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution. The variance between the general law of the state and the ordinance is that the state law requires knowledge and imposes a penalty of a fine not less than $200 nor more than $2,000, or imprisonment of not more than seven years and the ordinance lacks the element of scienter and imposes merely a fine of not less than $50 nor more than $500, or imprisonment of not more than six months. Violation of the statute is a felony and violation of the ordinance is a misdemeanor. Whether a municipal ordinance is in conflict with general law is not determined by the penalties prescribed, but rather whether the ordinance permits or licenses that which the state prohibits and forbids, and vice versa. *Struthers* v. *Sokol,* 108 Ohio St., 263, 140 N. E., 519; *In re Calhoun,* 87 Ohio App., 193, 94 N. E. (2d), 388. Nor do we regard the variance in the matter of scienter a conflict in violation of the Constitution. The contention of the defendant that the ordinance violates the conflict clause of the Constitution is therefore not sustained.

A perusal of the ordinance incorporating so many phases of immoral activity would appear to violate the provision of the Toledo Charter that an ordinance shall not contain more than one subject, which shall be clearly stated in the title thereof. However, in construing a similar provision of the Ohio Constitution, it has been held that such provision is directory only. *Pim* v. *Nicholson,* 6 Ohio St., 176; *State, ex rel. Atty. Genl.,* v. *Covington,* 29 Ohio St., 102; *State, ex rel. Ach,* v. *Braden,* 125 Ohio St., 307, 317, 181 N. E., 138; *City of Wellsville* v. *O'Connor,* 1 C. C. (N. S.), 253, 14 C. D., 689.

The affidavit fails to allege knowledge and intent or that the act was unlawfully committed. The accused may demur when the facts stated in the indictment do

not constitute an offense punishable by the laws of this state, *or when the intent is not alleged and proof thereof is necessary to make out the offense charged.* Section 13439-9, General Code (Section 2941.57, Revised Code).

It is said that the view is taken in some cases that a criminal intent is not a necessary element of offenses which are merely malum prohibitum or of prohibitive statutes which cover misdemeanors in aid of the police power, where no provision is made as to intention, and if a criminal intent is not an essential element of a statutory crime it need not be proved in order to justify a conviction. In other words, it is immaterial that the defendant acted in good faith or did not know that he was violating the law. 14 American Jurisprudence, 784, Section 24; *Commonwealth* v. *New York Cent. & H. R. Rd. Co.*, 202 Mass., 394, 88 N. E., 764, 132 Am. St. Rep., 507; *Commonwealth* v. *Closson,* 229 Mass., 329, 118 N. E., 653, L. R. A. 1918C, 939. But the rule is applicable only to a limited class of malum prohibitum statutory offenses. In *Morissette* v. *United States* (1952), 342 U. S., 246, 96 L. Ed., 288, 72 S. Ct., 240, appears an exhaustive review of the origin and development of case law holding that proof of knowledge and intent (except intention to commit the act charged) in certain regulatory statutes in aid of the police power is not essential. The doctrine of crime without intent is roughly classified into (1) illegal sales of liquor; (2) sales of impure food or drugs; (3) sales of misbranded articles; (4) violations of anti-narcotic acts; (5) criminal nuisances; (6) traffic regulations; (7) motor vehicle laws; and (8) violations of general regulations, passed for the safety, health or well-being of the community. *Morissette* v. *United States, supra,* p. 262. The Supreme Court of the United States held that in a prosecution under a statute providing that whoever embezzles, steals, purloins or knowingly con-

verts government property is punishable by fine and imprisonment, the mere fact that defendant's removal of property was a conscious and intentional act did not give rise to a presumption of criminal intent, and the question whether the intent existed must be determined by the jury not only from the act of taking but from that act together with the defendant's testimony and all the surrounding circumstances, and the mere omission of any mention of intent from the statute will not be construed as eliminating the element of intent. The indictment in the cited case charged a misdemeanor, but recited that the defendant "did unlawfully, wilfully and knowingly steal or convert," etc. In applying a similar rule in Ohio, we recently held:

"Where a statute defines an offense regardless of *scienter*, and the means of knowledge are available to the accused or the act is such as to impose a duty (in the interest of the public weal) upon the offender at his peril to ascertain the fact of violation, knowledge is not an essential element to support conviction; but under a charge of violating a statute which does not by its terms include *scienter* as an element of the offense, where the means of knowledge or the circumstances are such that the accused is not bound at his peril to know the fact and obey the law, proof of knowledge of the fact is essential to support a conviction." *State* v. *Williams*, 94 Ohio App., 249.

Ordinance 17-10-8 may fall within the classification of regulatory acts not requiring scienter but mere omission of any mention of intent from ordinance 17-10-8 is not to be construed as eliminating that element from the offense denounced. There is inherent in the phraseology of the ordinance the element of specific intent on the part of the seller-accused that the article was sold for the purpose of preventing conception, and mere proof that the article sold is capable of preventing conception is insufficient to support a conviction.

The affidavit substantially follows the language of the ordinance. In section 2, the ordinance recognizes that contraceptives may be used for a lawful as well as an unlawful purpose. Although the phrase, "intended for the prevention of conception," refers to the article or thing intended for the prevention of conception, nevertheless in the light of the fact that contraceptives may be used for a lawful purpose, there is inherent in the definition of the offense that the seller must have known that the article was intended to be used for an unlawful purpose. In Massachusetts, the sale of articles for the prevention of conception is absolutely prohibited without any exception or exemption. *Commonwealth* v. *Gardner,* 300 Mass., 372. 15 N. E. (2d), 222. But the Massachusetts Supreme Court in later cases holds that under the statute the legislative intent was to make unlawful the sale of articles intended to be used for the prevention of conception and not those merely capable of such use and in some instances so used. The court further holds that a conviction was not warranted in the absence of proof that the defendant knew what use the buyer intended to make of the article and there was no evidence that the sale was made with a view to use for any unlawful purpose. *Commonwealth* v. *Corbett,* 307 Mass., 7, 29 N. E. (2d), 151; *Commonwealth* v. *Werlinsky,* 307 Mass., 608, 29 N. E. (2d), 150. It is to be observed that the Massachusetts court distinguished *State* v. *Arnold,* 217 Wis., 340, 258 N. W., 843, wherein unlawful intent was permitted to be inferred from placing the article on sale in a vending machine located in a public toilet.

In *Davis* v. *United States,* 62 F. (2d), 473, defendants were charged under a federal statute prohibiting the shipment in interstate commerce of any "article, or thing designed, adapted, or intended for preventing conception." The court held, upon authority of *Youngs Rubber Corp.* v. *C. I. Lee & Co.,* 45 F. (2d), 103,

108; *Nosowitz* v. *United States,* 282 F., 575; *Stroh Products Co.* v. *Davis,* 8 F. (2d), 773, that, applying the rule of reasonable construction of the statute, the design or intent to use the thing sold in an unlawful way must be the design or intent of the seller, not of the buyer. The court therefore held that intent that the articles shipped were to be used for condemned purposes was a prerequisite to conviction.

In the prosecution of a druggist for violation of a liquor law, it was not sufficient to charge that he sold intoxicating liquor upon a written prescription and that the sale was not made by him in good faith for medicinal purposes, without alleging that it was known to him that the liquor would be used for other than the purpose the prescription called for. *Rowland* v. *State* (1908), 18 C. C. (N. S.), 598, 33 C. D., 245 (affirmed without opinion 80 Ohio St., 711).

An affidavit charging the accused with violation of a Sunday closing ordinance was held insufficient for failing to charge knowledge and criminal intent, and the judgment of conviction was reversed and the defendant discharged. *Daugherty* v. *Village of Dennison* (1898), 11 C. C. (N. S.), 13, 12 C. D., 776 (affirmed without opinion 59 Ohio St., 593); *Goldsmith* v. *State* (1910), 13 C. C. (N. S.), 148, 22 C. D., 160.

The primary function of an indictment, information or affidavit charging an offense is to apprise the accused of the offense of which he is charged, and the *Rowland, Daugherty,* and *Goldsmith cases* were decided prior to the enactment of Section 13437-4, General Code, in 1929. But the Supreme Court has declared that although the liberal provisions of the Criminal Code (Section 13437-4 *et seq.,* General Code) should be recognized and applied in a proper case, if a vital and material element identifying or characterizing an offense is omitted from an indictment, the indictment is insufficient to charge an offense. *Harris*

v. *State,* 125 Ohio St., 257, 181 N. E., 104; *State v. Parker,* 150 Ohio St., 22, 26, 80 N. E. (2d), 490; *State v. Cimpritz,* 158 Ohio St., 490, 493, 110 N. E. (2d), 415. Contra: *State v. Costanzo,* 140 Ohio St., 190, 42 N. E. (2d), 896; *State v. Yudick,* 155 Ohio St., 269, 98 N. E. (2d), 415; *City of Columbus v. Highsmith,* 85 Ohio App., 149, 84 N. E. (2d), 303; *State v. Webster,* 91 Ohio App., 541, 547, 102 N. E. (2d), 736.

Having reached the conclusion that proof of intent is necessary to make out the offense charged, in my opinion it was incumbent upon the city to allege in the affidavit such intent as required by Section 2941.57, Revised Code (Section 13439-9, General Code), and that the judgment sustaining the demurrer should be affirmed.

*Judgment affirmed.*

CONN, J., concurs.

DEEDS, J., concurs in the judgment of affirmance.

CONN, J., concurring. I concur in the affirmance of the judgment of the trial court. However, I wish to make a brief observation.

The issue raised on the record is the sufficiency of the affidavit to charge an offense. In the well-considered opinion of Judge Fess, it is pointed out that the affidavit states an offense under the ordinance. With this conclusion, I am not in accord. It is my opinion that in the light of the exceptions in the ordinance, giving the contraband article a lawful status, the affidavit must contain an averment that the act charged as constituting an offense was unlawful, or averments of the same import, from which the unlawfulness of the act condemned may be reasonably inferred.

In considering the sufficiency of the affidavit, my primary concern does not embrace what the proof may show as to the character of the surrounding facts and circumstances.

The Code of Criminal Procedure specifically provides that short forms of charging offenses may be used. Section 2941.07, Revised Code (Section 13437-6, General Code). Under the rule, the offense may be laid in the language of the statute. However, it appears from the statute above referred to, that in the several approved forms, in both felonies and misdemeanors, the act charged as being criminal is expressed in terms as being "unlawful," or the use of language, in describing the act, as imparting unlawfulness.

A criminal act contains two essentials, the act and the intent. While an averment of intent, or guilty knowledge, may be omitted from the charge laid against a defendant, the unlawful character of the act may not be omitted in stating the offense.

Criminal intent, whether specific or general, may be shown by the surrounding facts and circumstances. When an act is shown to have been done knowingly, and such act is unlawful, the law presumes a criminal intent from such unlawful act. *State* v. *Huffman,* 131 Ohio St., 27, 1 N. E. (2d), 313.

If the foregoing premise be correct, the conclusion is imperative that the affidavit does not state an offense under the ordinance.