HIRAM (Village), Plaintiff, v. CONNER, Defendant.

Municipal Court, Ravenna.

Nos. 3876, 3877, 3878.   Decided December 12, 1960.

*Mr. C. A. Enlow*, acting solicitor, for plaintiff.
*Mr. H. W. Kane*, for defendant.

For further history see *Omnibus Index* in bound volume.

FRANCE, J.   Defendant was cited by Village Chief of Police to Mayor's court in Hiram on three charges: Speeding (No. 60-73), Resisting Arrest (No. 60-74) and Violation of Traffic Light (No. 60-75).

Defendant appeared June 10, 1960, on each of the charges and pleaded not guilty.   The permissible penalty for each separate violation being a fine of more than $50.00 (Village ordinances 160, Section 4, and Village Ordinances 276, Section 10) upon failure of defendant to sign waiver of jury trial in mayor's court, they were certified to this court for trial pursuant to Sections 2937.08 and 2938.04, Revised Code.   Jury was thereafter waiver by defendant but the cases retained for trial to the court, pursuant to Section 2938.05, Revised Code.

At trial the prosecutor moved for and was granted dismissal of the resisting arrest charge which is not here in issue. Trial proceeded on the speeding and traffic light violation charges which resulted in finding of guilty and imposition of fine of $20.00 and costs, with six months suspension of operator's license on the traffic light charge, and fine of $15.00 and costs on the speeding charge.   Motion in arrest of judgment was then filed, briefed and argued.

Defendant's claim in support of the motion is based entirely on the conflict between the penalty sections of the ordinances in question and the provisions of Section 4511.99, Revised Code.   Section 2 of Ordinance 276, relating to traffic signals is an exact copy of the language of Section 4511.12, Revised Code, and Section 2 of Ordinance 160 is an exact copy of the language of Section 4511.21, Revised Code, so there is no conflict in defining the unlawful conduct of the operator of the car.   The conflict revolves entirely around the language of 4511.99, Revised Code, which places a limit of a fifty dollar fine for each of the offenses and of two sections of the Village ordinances: Section 4 of Ordinance 160 which imposes a fine of not less than $10.00 nor more than $100.00 for a first offense of speeding, and Section 10 of Ordinance 276, which authorizes a maximum fine of five hundred dollars, a six month jail sentence, or both, for the traffic light violation.

The Village points out that variation in the penalty does not, of itself, render an ordinance on the same subject as a

statute unconstitutional under Article XIII, Section 3 of the Constitution. *Toledo* v. *Kohlhofer*, 96 Ohio App., 355, 54 Ohio Opinions, 360; *Columbus* v. *Berry*, 104 Ohio App., 344, 5 Ohio Opinions (2d), 34; *Matthews* v. *Russell*, 87 Ohio App., 443, 43 Ohio Opinions, 199. The test is truly whether or not the ordinance prohibits or licenses that which the statute prohibits and vice versa, *Struthers* v. *Sokol*, 108 Ohio St., 263.

Defendant points out, however, the effect of Section 4511.06, Revised Code, which recites:

"Sections 4511.01 to 4511.78, inclusive, 4511.99 and 4513.01 to 4513.37, inclusive, Revised Code, shall be applicable and uniform throughout this state and in all political subdivisions and municipal corporations therein, and no local authority shall enact or enforce any rule or regulation in conflict with such sections."

Claim is made that this section is, in effect, a legislative repeal, reversal or limitation on the effect of the cases cited above and that uniformity of penalty for violation, as well as uniformity (or identity) of definition of unlawful acts, is required.

Two questions are involved here: That of legislative competence and that of legislative intention.

As to the first, while the judiciary should be prompt to assert its just prerogative of interpreting the expressed intention of a general law and then of determining whether it is violative of a constitutional prohibition, no such constitutional question is involved here. The question touched upon in *Matthews* v. *Russell*, 87 Ohio App., 443, 43 Ohio Opinions, 199, supra, involved only the power of the legislature to limit penalties imposed by municipalities generally, and without reference to the penalty for any particular offense under state law (Section 715.67, Revised Code), and this limitation on the case was clearly expressed by the Supreme Court in *Youngstown* v. *Evans*, 121 Ohio St., 342, 168 N. E., 844, which holds:

"This section (Section 715.67, Revised Code, then Section 3628, General Code) *is not a law defining offenses and prescribing a punishment therefor* and does not bring an ordinance purporting to define and punish offenses in conflict with Ohio Constitution, Article 18, Section 3." (Emphasis added.)

Where, however, there is an intention, either express or

implied, of the legislature that a certain act be punished in a certain mode of severity, an ordinance attempting to impose an entirely different range of penalty is unconstitutional. Thus where a municipality attempts to define as a misdemeanor that which the state has already declared a felony, the ordinance is invalid. *City of Cleveland* v. *Betts*, 168 Ohio St., 386, 7 Ohio Opinions (2d), 151.

The real question is whether the provisions of Section 4511.06, Revised Code, express an intention that not only the acts prohibited but the penalty range for committing the prohibited acts shall be the same whether under ordinance or statute. If such intention is expressed the ordinance is invalid; if not, it may stand.

In this regard the language of Section 4511.06, Revised Code, is explicit. Not only does it say that the prohibitory sections of Chapter 4511 and of Chapter 4513 shall be applicable and uniform throughout the state, but it specifically mentions that Section 4511.99, Revised Code, which is concerned only with the penalties for these violations, shall be uniform throughout the state and *no local authority* shall *enact or enforce* any rule or regulation in conflict with such sections. To dispel the thought that the inclusion of the penalty section (Section 4511.99, Revised Code), in the prohibition against municipal variance was inadvertent, the legislature underlined its inclusion by conspiciously failing to include in the prohibition the corresponding penalty section for violations of Chapter 4513.

The legislature thus appears to have said, as plainly as it could, "All acts constituting violations of the traffic laws for operating offenses shall be defined and punished in the same manner by municipal ordinance, but all acts constituting violations of the traffic laws for equipment and loads shall be defined in the same way, but punishment for their violation is left to the discretion of muncipal councils." No clearer expression of legislative intent could be asked.

This consuming desire for uniformity of treatment of traffic offenders is in line with modern development and it is noteworthy that the cry of traffic safety authorities, led by Judge Thomas M. Powers of Akron in this state, and by the Traffic

Court Program of the American Bar Association in the nation at large, is directed toward uniformity of punishment. See discussion of "punishment pars" in *The Uniform Traffic Ticket*, pp. 18-19, James P. Economos, Weger, 1958. Section 2935.17, Revised Code, as amended 1959, carries authorization for a uniform traffic ticket in Ohio: Section 2937.46, Revised Code, carries authorization for rule making power for uniform procedure and fixing of bonds throughout the state.

Under these circumstances it can scarcely be doubted that the legislature intended that the same penalty range should prevail for prohibited acts in driving a motor vehicle and that the same punishment should follow regardless of whether defendant was arrested by a village marshal, a city policeman, a deputy sheriff or a highway patrolman.

It follows that Section 4 of Ordinance 160 and Section 10 of Ordinance 276, of the Village of Hiram are in conflict with Article XIII, Section 3 of the Ohio Constitution.

Motion in arrest of judgment is sustained and defendant discharged.