OPINION
{¶ 1} On September 22, 2001, Ohio State Highway Patrol Trooper Timothy Root stopped appellant, Stuart Pierce, for failing to change lanes on the highway when passing Trooper Root's cruiser parked on the berm while in the performance of official duty. Upon stopping appellant, Trooper Root smelled a strong odor of alcohol. Following an investigation, Trooper Root cited appellant for operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1), driving while under suspension in violation of R.C. 4507.02, failure to wear a seatbelt in violation of R.C. 4513.263(B)(1) and failure to yield to an emergency vehicle in violation of R.C. 4511.213(A).
{¶ 2} On October 3, 2001, appellant filed a motion to suppress, claiming lack of probable cause to stop and search, or in the alternative, a motion in limine to exclude the field sobriety tests as they were not administered correctly. A hearing was held on November 27, 2001. At the conclusion of the hearing, the trial court denied appellant's motion.
{¶ 3} On November 30, 2001, appellant filed a motion to reconsider, claiming R.C. 4511.213(A) was overly broad and violated the due process clauses of the United States and Ohio Constitutions. By judgment entry filed December 7, 2001, the trial court denied said motion.
{¶ 4} On December 10, 2001, appellant pled no contest to the charges. By judgment entry filed same date, the trial court sentenced appellant to one hundred eighty days in jail, one hundred twenty suspended, and fined him $500.00 plus court costs.
{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 {¶ 6} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO SUSTAIN DEFENDANT-APPELLANT'S MOTION TO SUPPRESS, FOR LACK OF PROBABLE CAUSE OR ARTICULABLE SUSPICION, ALL BREATHALYZER TESTS, FIELD SOBRIETY TESTS AND ALL OTHER EVIDENCE OBTAINED BY THE ACTION OF THE STATE HIGHWAY PATROL.
 {¶ 7} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING THE MOTION TO SUPPRESS BECAUSE THE FACTS WARRANT A FINDING THERE WAS NO APPARENT TRAFFIC VIOLATION OR SECTION 4511.213(A), OHIO REVISED CODE, IS OVERLY BROAD AND UNCONSTITUTIONAL."
 I
{¶ 8} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
{¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, "* * * as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
{¶ 10} Appellant argues Trooper Root did not have probable cause to stop him. During the suppress hearing, Trooper Root testified to the following observations prior to stopping appellant (T. at 6):
 {¶ 11} "A.I was just in the process of clearing a traffic stop headed back to my vehicle and I noted the Defendant's vehicle was approaching my patrol car. Traffic was extremely light and the Defendant's vehicle failed to change lanes and move over to the left lane. He was currently in the right lane closest to the berm which was near my patrol car. At which point I got back into my patrol car and got behind the Defendant's vehicle. I noted that he was weaving within his lane and I noted that he was not wearing his seatbelt at the time. I initiated a traffic stop based on the Ohio Revised Code Section 4511.213 which is failure to change lanes basically while on a highway when passing an emergency vehicle in the performance of its duties.
 {¶ 12} "Q. Now, were your flashing lights on on your vehicle at the time?
{¶ 13} "A. That's correct, sir. Yes, they were.
 {¶ 14} "Q. And it was stationary on the side of the road?
{¶ 15} "A. Yes, sir.
 {¶ 16} "Q. There was, no traffic in the, I guess, the far lane from you at that point that he could've gone over into?
 {¶ 17} "A. No, sir, there was absolutely no traffic over to the left lane. There would have been no problem for them to change lanes at all."
{¶ 18} R.C. 4511.213 states as follows:
 {¶ 19} "(A) The driver of a motor vehicle, upon approaching a stationary public safety vehicle that is displaying a flashing red light, flashing combination red and white light, oscillating or rotating red light, oscillating or rotating combination red and white light, flashing blue light, flashing combination blue and white light, oscillating or rotating blue light, or oscillating or rotating combination blue and white light, shall do either of the following:
 {¶ 20} "(1) If the driver of the motor vehicle is traveling on a highway that consists of at least two lanes that carry traffic in the same direction of travel as that of the driver's motor vehicle, the driver shall proceed with due caution and, if possible and with due regard to the road, weather, and traffic conditions, shall change lanes into a lane that is not adjacent to that of the stationary public safety vehicle."
{¶ 21} In its December 7, 2001 judgment entry denying the motion to suppress, the trial court stated the following:
 {¶ 22} "Section 4511.213(A) places a mandatory duty on a motorist approaching a vehicle with emergency lights on to traverse to the left lane when on a two-lane highway and the emergency vehicle is on the right side berm. The Defendant failed to abide by this statute when he continued eastward in the right hand lane. The Court notes that the officer testified that the Defendant was alone on the road and could have easily traversed into the left hand lane. Inasmuch as the officer personally observed the Defendant violate a traffic law he was constitutionally justified in stopping the Defendant. The Court concedes that weaving within a lane would not alone constitute a reasonable and articulable suspicion to justify an initial traffic stop. However, when a traffic violation is noted as in this case an apparent clear violation of state law, the officer is certainly justified in making an initial traffic stop."
{¶ 23} We agree with the trial court's analysis. Testimony was presented to establish that appellant committed a traffic violation, R.C.4511.213(A). Trooper Root was justified in stopping appellant's vehicle.
{¶ 24} Appellant further argues "[i]n order for the officer to compel Defendant-Appellant to submit to dexterity tests and/or a breathalyzer, he must have specific and articulable facts which would convince a reasonable person another offense had been committed, even if he can justify the stop." Appellant's Brief at 10.
{¶ 25} Upon stopping appellant for the traffic violation, Trooper Root observed the following (T. at 6-7):
 {¶ 26} "When I approached the vehicle I walked up on the right side, as I normally do. When the window came down I immediately detected a strong odor of an alcoholic beverage coming from the vehicle. I asked the Defendant for his license, registration, and proof of insurance and noted that he had difficulty producing this. It took him several minutes to try to find everything and he still couldn't find his license. I asked him if he had a valid license. He said that he did. I asked him if he'd go ahead and step out of the vehicle and he complied. When he came back behind his car in between my car and his car, again I can detect a strong odor of an alcoholic beverage coming from his breath and from his person. I noticed a stagger while he walked. I noticed bloodshot eyes. I noticed that his speech was slurred."
{¶ 27} Given this testimony, we find Trooper Root had "specific and articulable facts" to detain appellant for further investigation.
{¶ 28} Upon review, we find the trial court did not err in denying the motion to suppress.
{¶ 29} Assignment of Error I is denied.
 II
{¶ 30} Appellant claims the trial court erred in denying the motion to suppress because there was no apparent traffic violation or R.C. 4511.213(A) is overly broad and unconstitutional. We disagree.
{¶ 31} In the previous assignment of error, we found there was a traffic violation pursuant to R.C. 4511.213(A). Appellant's argument on this issue lacks merit.
{¶ 32} Appellant argues R.C. 4511.213(A) is overly broad and therefore unconstitutional. In State v. Beckley (1983), 5 Ohio St.3d 4,7, the Supreme Court of Ohio discussed the issue of overbreadth as follows:
 {¶ 33} "Resolution of whether a criminal statute is unconstitutional because of facial overbreadth is a touchy determination largely because of the general rule endorsed in Belden v. Union Central Life Ins. Co., supra, [(1944), 143 Ohio St. 329, appeal dismissed (1944), 323 U.S. 674] that where an enactment is questioned on the ground that it is unconstitutionally overbroad it is extremely difficult to find unconstitutionality absent a particular state of facts to which the challenged statute may be applied. To find that a statute is facially overbroad — distinguishable from an ascertainment of vagueness — in effect is to hold that under no reasonable set of circumstances could any person lawfully be prosecuted thereunder. It is difficult to so hold especially in view of the strong presumption in favor of the constitutionality of legislation and the judicial obligation which exists to support the enactment of a lawmaking body if this can be done. Toledo v. Kohlhofer (1954), 96 Ohio App. 355, 122 N.E.2d 20 [54 O.O. 360]; 16 Ohio Jurisprudence 3d 292, Constitutional Law, Section 160, citing many other Ohio authorities in support of these axiomatic precepts."
{¶ 34} "A clear and precise enactment may nevertheless be `overbroad' if in its reach it prohibits constitutionally protected conduct." Grayned v. Rockford (1972), 408 U.S. 104, 114. Appellant argues the statute "imposes on defendant's constitutional rights to travel at regulated speed." Appellant's Brief at 14. We find no such "constitutional right." Appellant has failed to show that R.C. 4511.213(A) violates a constitutional right.
{¶ 35} Assignment of Error II is denied.
{¶ 36} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed.